JONES v. MAUMEE (Village)

Ohio Appeals, 6th Dist., Lucas Co.

No. 1573. Decided June 22, 1925

458. EMINENT DOMAIN —1. Legislature, in providing for the exercising of t. power of, may determine necessity for appropriating private property for public use, and it may select location of improvement.

2. Courts cannot interfere with action of village council in determining necessity of appropriation, location and extent of property to be taken, in absence of fraud, bad faith, or abuse of discretion.

RICHARDS, J.

Paul Jones sought to enjoin the village of Maumee from appropriating for street purposes, certain real estate owned by him in said village. Jones averred that he owned a certain lot at the end of Wall Street, said street having never been open to the public and which has never had care or supervision.

He claimed that the council passed a resolution for the condemnation and appropriation for street purposes of the easterly 33 feet of his lot and that proceedings were then pending to assess the amount of damages due from the village for said property so appropriated. Jones alleged that Wall Street was wholly unfit for street purposes and that it will entail an expenditure of $50,000 or more for the improvement of said street which is in excess of the amount the village may expend therefor, and that the property sought to be appropriated would be valueless, for the village without the improvement of Wall Street.

The village objected to introduction of any evidence, claiming that the petition did not state a cause of action. The Lucas Common Pleas sustained the objection and dismissed the petition from which decree Jones appealed. The Court of Appeals held:

1. "The legislature, in providing for the exercise of the power of eminent domain, may directly determine the necessity for appropriating private property for a particular improvement or public use, and it may select the exact location of the improvement."

2. "In such a case it is well settled that the utility of the proposed improvement, the extent of the public necessity for its construction, the expediency of constructing it, the suitableness of the location selected and the consequent necessity of taking the land selected for its site, are all questions exclusively for the legislature to determine, and the courts have no power to interfere or substitute their own views for that of the representatives of the people."

3. "A legislature may itself determine the necessity of exercising the power of eminent domain, and unless prohibited by the constitution, it may delegate this power of determination to public officers, boards or private corporations vested with power of eminent domain, and their determination is conclusive in the absence of fraud, bad faith or clear abuse of discretion."

4. "It is of course competent for the legislature to declare that the question of necessity shall be a judicial one, in which case the court and not the corporation shall determine the question."

5. Jones in his petition made no averment of fraud, bad faith, or abuse of discretion, the purpose for which the village seeks to appropriate the property to wit:—for the construction of a street, is clearly a public use.

6. The necessity of the appropriation, the location, and the extent of the property to be taken, were for the village council, and with that action the courts are powerless to interfere in absence of fraud, bad faith, or abuse of discretion. Good cause of action is not stated.

Decree for Village.

Attorneys—Kirkbride, McCabe & Boesel for Jones; Paul W. Alexander for Village; all of Toledo.