PATTERSON *v.* BOARD OF COUNTY COMMRS. OF PIKE COUNTY ET AL.

*County commissioners—Condemnation for state highway improvement—Appropriation not limited to land actually necessary for roadbed—Section 1201, General Code—Power of director of highways to condemn land for road materials—Section 1202, General Code.*

1. County commissioners, in condemning land for highway under Section 1201, General Code, are not confined to land actually used for roadbed, but may acquire lands for a barrow pit or other purpose reasonably necessary to effect proposed improvement.

2. Section 1202, General Code, providing director of highways and public improvements may condemn materials for roads, *held* to refer to gravel beds and stone deposits off lands acquired for highways.

(Decided September 3, 1926.)

APPEAL: Court of Appeals for Pike county.

*Mr. G. W. Rittenour* and *Mr. Levi B. Moore,* for plaintiff.
*Mr. George D. Nye,* for defendants.

MAUCK, P. J.   The plaintiff by petition and an amendment thereto shows that the board of commissioners of Pike county is seeking by appropriation proceedings instituted under Section 1201, General Code, to acquire a fraction over two acres of land belonging to the plaintiff for the purpose of constructing a fill and widening and relocating a public highway, which is part of the state's system of highways in Pike county.   He pleads that the board of commissioners "is seeking to acquire and appropriate more land for alleged right of way purposes than is needed for the said right of way, and that part of the said land so sought is to be used as a barrow pit, and the defendants are about to cause or permit great holes or barrow pits to be dug in said lands, which will greatly endanger plaintiff's other lands from floods of the Scioto river and be an irreparable damage to the plaintiff."

The prayer is that the defendant board be restrained "from acquiring or appropriating said lands of the plaintiff, or interfering with plaintiff's quiet enjoyment of the same, save and except that part of the lands so appropriated that is needed for the right of way only, and that which will be occupied by the roadway itself."

A demurrer has been filed to the petition, and we are of the view that the demurrer should be sustained.   In the recently reported case of *Jones* v. *Village of Maumee,* 20 Ohio App., 455, 152 N. E.,

765, it is held that while the courts may inquire into the question whether in an appropriation proceeding the proposed taking of property is for a public purpose, the further question of the necessity for the taking and the extent of the taking is not a judicial question, and that unless fraud, bad faith, or abuse of discretion be shown, the courts will not interfere with the amount of property taken in an appropriation proceeding, when it is admitted that it is being taken for a public purpose. It has been argued in this case that the remedy sought by the plaintiff herein is permitted under the doctrine laid down in *Pittsburg, C., C. & St. L. Ry. Co.* v. *City of Greenville,* 69 Ohio St., 487, 69 N. E., 976. In that case the city sought to appropriate property for the purpose of extending streets across the tracks and yards of the railroad company. The law only authorized such an appropriation where the fact was that the appropriation would not unnecessarily interfere with the reasonable use of the property so to be crossed. It was charged in the petition in that case that the railroad yards would be virtually ruined. The court held that it was, therefore, a judicial question as to whether or not the property was such as could be appropriated at all by the city. That case widely differs from this, because no statute has been pointed out that would indicate that Mr. Patterson's property is exempt from appropriation, and that was virtually the point upon which the *Greenville case* turned.

Section 1201, General Code, under which the appropriation proceeding in this case was brought, requires the commissioners to provide the requisite

right of way in such improvements as are now in contemplation on the road in question, and to do this they are authorized to appropriate "such land or property as may be necessary for such change or alteration."

Now it is claimed in argument that the commissioners propose to use a part of the land to be appropriated for the purpose of excavating dirt to be placed upon the roadbed which is to occupy the rest of the land to be appropriated, and that the Code section referred to does not authorize them to appropriate any land except that actually to be occupied by the roadbed. The statute, however, makes no such limitation. The language quoted shows that such lands may be appropriated as may be necessary for the proposed alteration. Let us assume that instead of building a fill on this land it was proposed to make a cut. In making a cut it would be necessary to dispose of the excavated material. It could not be thrown on the private lands of a neighbor. Certainly one of the necessary things to do in such a case is for the commissioners to acquire land enough to take care of the resulting waste material. If the construction claimed by the plaintiff in this case were followed, however, and the commissioners were limited in their power of appropriation to take only enough for a roadbed, they would be entirely powerless to dispose of the waste resulting when the cut had been made. So in the case at bar, when the commissioners find it necessary to make a fill, the fill is as much a necessary part of the improvement as the paved road itself, and when the commissioners undertake to acquire such land as may be nec-

essary for the alteration they must acquire such land as may be necessary for the fill, which is reasonably necessary to effect the proposed improvement. Section 1201, General Code, does, therefore, not limit the commissioners to the appropriation of lands of such width only as might be necessary to build a road upon the level. Our views in this respect are further strengthened because if such power is not found in the section mentioned we find no other provision enabling the commissioners to acquire dirt to make a fill.

It is argued, however, that under Section 1202 the director of highways and public works may condemn materials for road purposes. That sentence is found in a section that otherwise treats solely of highways being constructed by the director of highways and public works without the co-operation of the county commissioners. Whether or not his powers are limited to appropriating materials for such roads as he may be constructing independent of the local authorities we need not here inquire. The sentence referred to, in our judgment, refers to the condemnation of gravel beds, deposits of stone, and like material, which are off of and not on land acquired by the commissioners for the purpose of locating or relocating a public highway.

The demurrer to the petition is sustained, and the petition is dismissed.

*Petition dismissed.*

MIDDLETON, J., concurs.
SAYRE, J., not participating.