KOCH ET AL. *v.* CITY OF TOLEDO ET AL.

(Decided February 27, 1928.)

*Messrs. Denman, Miller & Wall* and *Messrs Fraser, Hiett, Wall & Effler,* for plaintiffs.

*Mr. George W. Ritter,* director of law, *Mr. Martin S. Dodd,* and *Mr. Charles W. Racine,* for defendants.

WILLIAMS, J.   This cause comes into this court on appeal from the court of common pleas and is an action brought to enjoin the defendants from appropriating plaintiffs' interest in lot No. 144 in Oliver's division in the city of Toledo and from proceeding any further under the application filed in the probate court for the appropriation of such property.

August 23, 1926, council of the city of Toledo passed a resolution declaring its intention to appropriate in fee simple a part of said lot No. 144 for the purpose of relocating and extending Cushing street to Summit street.   Cushing street was laid out in 1846, and extended westerly from Broadway.

Until recently the southern termination of Summit street was at or near Perry street, but within the past five years the city has extended Summit street in a southerly direction to a junction with Broadway. The portion thereof so lately constructed has been paved and is one of the most important and most used arteries of travel in the whole city. Cushing street now extends one block from Broadway to Summit street, but where it joins Summit street it is only about 13 feet wide; a portion of its width at Summit street being taken up by Swan creek. Cushing street has never been improved, nor has it been used for travel by vehicles to any extent, and at present its opening onto Summit street is too narrow for purposes of vehicular travel. The purpose of the resolution of council is to appropriate a part of lot 144, which lot fronts on Summit street and immediately adjoins Cushing street, as now laid out, on the southerly side. The object of appropriating the land in question is to enable the relocation of the westerly end of Cushing street, where it forms a junction with Summit street, at a point far enough south of the lift bridge across Swan creek at Summit street, so that vehicles can conveniently make the turn. It is conceded by counsel for plaintiffs that ordinarily the passage of such an ordinance by the council of a municipality is a legislative act, and that ordinarily further proceedings by way of appropriation of land cannot be enjoined. They claim, however, that in this instance plaintiffs' action is well founded for the reason that council, in taking the action it did in passing the resolution, abused its discretion, and that injunction lies for such abuse of power. The following cases are cited

as authority: *Sargent* v. *City of Cincinnati,* 110 Ohio St., 444, 144 N. E., 132; *Jones* v. *Village of Maumee,* 20 Ohio App., 455, 152 N. E., 765.

If we assume the contention of counsel as to the law to be correct, does the evidence show such an abuse of discretion? Witnesses were called upon both sides, and the testimony of the witnesses of the plaintiffs on the matter involved is diametrically opposed to that of the witnesses called by the defendants. The evidence adduced on behalf of the plaintiffs tends to show that the proposed improvement would create an exceedingly dangerous traffic hazard at the point where Cushing street joins Summit street, due to the very heavy and rapid traffic on Summit street, especially in view of the fact that the entrance to Cushing street would be in close proximity to the bridge over Swan creek; and such evidence further tends to show that the improvement is not necessary. The evidence adduced on behalf of the defendants tends to show that a considerable portion of the city lying south of Summit street, and in proximity to the easterly end of Cushing street, is in a pocket, so to speak; that access to it is now not as convenient as it might be; that that section is close to the heart of the city; that the city is growing rapidly, and there are a number of factories now in that locality, and parties have purchased land and are about to erect a large warehouse there; that this portion of the municipality is near railroad facilities which are ample for shipping purposes, and that the factories and plants which exist and the new warehouse which has been constructed will require traffic facilities for a large number of trucks which run from and to them; and that these

trucks at present do not have the access to Summit street which they should have for the greatest convenience. There is merit in each of these views. It appears that there is no cross-street running easterly from Summit street at this point for a distance of about 1,500 feet. The council had a right to consider all conditions and all elements in determining whether or not it would proceed with the improvement. It could consider not only the needs of traffic, and its hazards, but also the industrial growth and development and welfare of the city. There was room for great difference of opinion as to what was the best course to pursue. We cannot say that there was an abuse of discretion on the part of the council. The powers of this court are judicial. Those of the council are legislative. The discretion to determine what properly shall be appropriated for street purposes is vested in the council of this city under the Constitution and laws of Ohio and the charter of the city of Toledo; and this court, in the exercise of its judicial power, has no right to interfere with the legislative action of the council in the instant case, and to do so would be to usurp the functions of the legislative branch of the municipality.

For the reasons indicated, the petition of the plaintiffs will be dismissed. Decree accordingly.

*Petition dismissed.*

RICHARDS, J., concurs.

LLOYD, J., concurring in judgment. The evidence submitted at this trial clearly shows that the motivating thought that prompted the legislation, the consummation of the purpose of which the plaintiffs

are indirectly seeking to enjoin, was the desire to bring to Toledo an additional industry at the expense of what appears to be the best interests of the city at large, and for which there is no better reason than that the result thereof, if accomplished, will be a more convenient approach to Summit street for the contemplated industry than the other streets now leading thereto.

I think I am warranted in saying that a majority of the court, basing their conclusion upon the evidence submitted, are of the opinion that the legislation was unwise and ill advised, and that, if this court possessed the power so to do, the relief sought by plaintiffs would be granted. A sufficient reason for the judgment of this court, and the only one I have considered, is that the plaintiffs did not request the director of law, representing the city, to commence the action, but commenced it as individuals rather than as taxpayers, to whom no private injury results because the law provides for adequate compensation to them for the property sought to be appropriated.