C.T. TAYLOR CO., INC., APPELLEE, *v.* MELCHER ET AL., APPELLANTS.■

(No. 11025—Decided July 20, 1983.)

Mr. *Ronald A. Banig,* for appellee.

Mr. *Robert E. Small,* for appellant Nicholas Melcher.

Mr. *Bruce H. Wilson,* for appellant N. J. Melcher Co., Inc.

QUILLIN, P.J. In November 1980, C. T. Taylor Co. ("appellee") and N. J. Melcher Co. ("appellant") entered into a contract for the construction of a refrig-

erated building in Toledo, Ohio, for the Weaver Poultry Co. C. T. Taylor Co. was to construct the building and was to receive progress payments from appellant according to an agreed upon schedule.

Difficulties arose which resulted in appellant's refusal to deliver certain progress payments. Upon completion of the building, appellee brought this action for breach of contract and interference with business relations. The jury found in favor of appellee and awarded damages in the amount of $52,701.75.

Assignments of Error

"I. The trial court erred in allowing the jury to take with it into deliberation an exhibit identified after trial, but not admitted into evidence.

"II. The trial court erred in failing to sustain the motion for new trial as made by the defendants-appellants."

During closing arguments appellee's counsel listed specific items of damages on a large sheet of paper which was later marked for purpose of identification as Exhibit 42.[1] The list remained in the view of the jury throughout final argument. While deliberating, the jury requested the opportunity to see the itemized list of damages used by appellee's counsel. The exhibit was sent to the jury over the objection of defense counsel.

It is within the discretion of the trial

---

[1] Exhibit 42 was a sheet of white paper, 26″ x 32″, upon which plaintiff's counsel wrote:
"*Damages*

| | | |
|---|---|---|
| "1. | Mis-order Panels (inv. 3/9/81) | 1,468.00 |
| "2. | Freight | 154.16 |
| "3. | Track covers + Voltage | 900.00 |
| "4. | Mis-order Insulation | 286.25 |
| "5. | Add Arch. Fees | 3,946.40 |
| "6. | Canton Struct. - Discount | 303.08 |
| "7. | Add Refrig. (10/31/81 letter) | 9,018.92 |

| | | |
|---|---|---|
| "8. | Melcher Commission | 4,470.00 |
| "9. | Loss of mark-up/add refrig. | 2,000.00 |
| "10. | Add office overhead | 3,350.50 |
| "11. | Add motel costs | 1,699.02 |
| "12. | Add transportation costs | 800.00 |
| "13. | IRS Penalty & Interest | 2,850.01 |
| | | 31,246.34 |
| "Dollars paid to Melcher | | $137,400.00 |
| "Pd. out | | − 76,332.33 |
| | | 61,067.67 |
| "Melcher | | − 25,000.00 |
| "Unaccounted for | | 36,067.67 |
| | "Total | $67,314.01" |

court to determine which exhibits should be sent to the jury room. *Reichman* v. *Wallach* (Pa. Super. 1982), 452 A. 2d 501; *Sears* v. *Kois Bros. Equip., Inc.* (1982), 110 Ill. App. 3d 884, 443 N.E. 2d 214; *Socha* v. *Passino* (1979), 405 Mich. 458, 275 N.W. 2d 243; and *Milwaukee & Suburban Transp. Corp.* v. *Milwaukee County* (1978), 82 Wis. 2d 420, 263 N.W. 2d 503.

In the instant case, the trial court permitted a chart which had been drawn by appellee's counsel in closing argument but which had not been admitted into evidence to be sent to the jury room upon the request of the jury. The court in *Reichman* v. *Wallach, supra,* was faced with a similar situation. In finding no reversible error, the court at 507-508 concluded:

"The blackboard containing damage computations placed thereon by plaintiff's counsel during closing argument had not been received in evidence. However, it was allowed to go into the jury deliberating room upon the jury's request. Whether to allow such a request rests largely in the discretion of the trial judge, although it is better practice to caution the jury that it is not evidence and should not be considered as such by the jury. * * *''

This decision is in accord with the court's rationale in *Armstrong & Latta* v. *Philadelphia* (1915), 249 Pa. 39, 94 A. 455, 459, wherein the court stated:

"There was no error in permitting plaintiffs to send out with the jury a calculation of the items of damage claimed. This is within the discretion of the court and is proper so long as the paper contains no items not supported by evidence and the jury are instructed that the calculations are not evidence, but are merely to be used as an aid to their own calculations. * * *'' See, also, *In re Thirty West Broad Corp.* (1967), 425 Pa. 36, 227 A. 2d 827.

We conclude it was within the discretion of the trial court to determine whether Exhibit 42 should be sent to the jury room. The better approach, however, is to caution the jury that the exhibit is not evidence and should not be considered as such. As no request was made for such cautionary instruction, the error was not preserved.

Furthermore, appellants have not disputed the accuracy of the particular items of claimed damage, but merely contest generally appellee's entitlement to any damages at all. We cannot find prejudice which would warrant a reversal and a new trial.

Assignments of error one and two are overruled. * * * ■

We find no prejudicial error committed by the trial court. All assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.