DECISION AND JUDGMENT ENTRY
Appellants, Robert and Flora Herold, appeal a judgment rendered on an Erie County Court of Common Pleas jury verdict in a products liability suit. Appellant Flora Herold claimed injury caused by a step stool which allegedly collapsed due to a design or manufacturing defect. Robert Herold, her husband, claimed loss of consortium. The stool was manufactured by appellee, Cosco, Inc., who defended by presenting evidence that the stool was not defectively designed or manufactured. Additionally, appellee argued that, in any event, appellant had assumed the risk.
A jury returned a verdict in appellee's favor, making specific findings that the stool was not defective and that appellant Flora Herold had assumed the risk of its use. This appeal followed.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter of our accelerated docket and, hereby, render our decision.
In two assignments of error, appellants complain that the trial court erred in refusing to admit into evidence a later model of appellee's step stool which appellants insist was introduced to show that a safer step stool could have been designed. Additionally, appellants contend that the trial court abused its discretion when it refused to permit the later model step stool to be sent into the jury room when the jury requested it.
The admission of evidence and the decision of whether to permit demonstrative exhibits into the jury room rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. Huffman v. Hair Surgeons, Inc. (1985),19 Ohio St.3d 83, 86; C.T. Taylor v. Melchor (1983), 13 Ohio App.3d 6,7. An abuse of discretion is more than an error of law of or judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 168, 169.
An appellant has the responsibility for properly transmitting the record on appeal. App.R. 9; Volodkevich v.Volodkevich (1988), 48 Ohio App.3d 313, 314. Absent an adequate record, an appellate court must presume the validity of the trial court's actions and affirm its decision. Knapp v. Edwards Labs
(1980), 61 Ohio St.2d 197, 199. In this case, appellants have provided us with only a partial transcript of the trial, excluding, among other things, any record of an attempt to move the later model step stool into evidence. Thus, we must presume the validity of the trial court's decision to exclude this exhibit, if it was ever offered into evidence.
Accordingly, both of appellants' assignments of error are not well-taken.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Costs to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.