DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, The Tractor Place, Inc., appeals from the decision of the Summit County Court of Common Pleas, Probate Division, which denied its motion for a new trial. We affirm.
 {¶ 2} On September 25, 2001, the city of Akron ("City") filed a complaint to appropriate property against Appellant and various other defendants.[1] Appellant then filed a third-party complaint against Akron-Summit County Public Library ("Library"); however, the trial court later dismissed its third-party complaint. Subsequently, the City moved to add the United States of America by interlineations, and the trial court granted the City's motion. The jury determined the monetary entitlement of the taking as $60,500.00. Appellant moved for a new trial. The trial court denied Appellant's motion. Appellant now timely appeals and raises five assignments of error for review.
 ASSIGNMENT OF ERROR I
"The trial court erred in permitting the Law Department of the City of Akron, in the appropriation proceeding, to appropriate property interests different from those described in the Resolution of Necessity and directed to be taken in the Ordinance of Appropriation."
 {¶ 3} In its first assignment of error, Appellant avers that the trial court erroneously permitted the jury to consider a license, which provided a means of ingress and egress to the subject property, when making its determination as to the value of the taking. Appellant bases its argument on the City's failure to include the license as property subject to appropriation in its complaint. This assignment of error lacks merit.
 {¶ 4} Upon a review the City's complaint, we agree with Appellant's averment that the City failed to include the license as property subject to appropriation in its complaint. However, a party's failure to plead an issue in its complaint does not necessarily foreclose litigation on such matter. See Civ.R. 15(B). Specifically, Civ.R. 15(B) provides, in pertinent part:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * Failure to amend as provided herein does not affect the result of the trial of these issues."
 {¶ 5} A court shall not allow an implied amendment of the pleadings where it results in substantial prejudice to a party. State, exrel. Evans v. Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41, 45, citing Head v. Timken Roller Bearing Co. (C.A. 6, 1973), 486 F.2d 870,873 and Dozier v. Chupka (S.D.Ohio 1975), 395 F. Supp. 836, 848. To determine whether the parties impliedly consented to litigate an unpleaded issue, the court must consider numerous factors: (1) "whether they recognized that an unpleaded issue entered the case[;]" (2) "whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be retried on a different theory[;]" and (3) "whether the witnesses were subjected to extensive cross-examination on the issue[.]" State, ex rel. Evans,5 Ohio St.3d at 45-46. Further, a party's failure to object when evidence relating directly to the unpleaded issue is introduced does not establish implied consent. Id. at 46. Instead, it must appear that the parties understood the evidence was aimed at the unpleaded issue. Id.
 {¶ 6} Based on the record in this case, we find that Appellant impliedly consented to litigate the issue of the license. Particularly, Appellant was aware that the value of the license had entered the case and even stated "if you want to take [the fee simple and the license], that's okay, but you have to pay for it." Appellant also offered evidence regarding the value of the license. In addition to Appellant's evidence regarding the value of the license, Appellee introduced evidence on the issue. The record further indicates that the witnesses were subject to cross-examination concerning their testimony as to the value of the license.
 {¶ 7} The trial court determines whether an unpleaded issue is tried by implied consent, and that determination will not be disturbed on appeal absent an abuse of discretion. State, ex rel. Evans,5 Ohio St.3d at 46. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. In light of Appellant's awareness of the unpleaded issue and both parties ability to introduce evidence and cross-examine the witnesses regarding the value of the license, we find that the trial court did not abuse its discretion. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Where a Resolution of Necessity and Ordinance of Appropriation misrepresent the purpose of the taking and appropriate private property for use by an entity other than the appropriating agency, the taking is unconstitutional."
 {¶ 8} In its second assignment of error, Appellant argues that the City erroneously stated the necessity of the appropriation. In particular, Appellant argues that the City is solely appropriating the property in an effort to benefit the Library, which does not satisfy the public purpose requirement. Therefore, as this is an improper reason to demonstrate the City's necessity to appropriate the property, the City does not have a right to appropriate the property. We do not agree with Appellant's argument.
 {¶ 9} Both the Ohio and United States Constitutions require the power to appropriate property be exercised for a public purpose. Section19, Art. I, Ohio Constitution; the Fifth and Fourteenth Amendments to the United States Constitution. However, some incidental private use is allowed so long as the primary purpose of the appropriation is for public use. State, ex rel. Bruestle v. Rich (1953), 159 Ohio St. 13, paragraph four of the syllabus. As the exercise of this power involves discretionary legislative decisions, the courts may only review such decisions when a party asserts that the legislature abused its power.Huron v. Hanson (July 28, 2000), 6th Dist. No. E-99-060, citing State, exrel. Gordon v. Rhodes (1951), 156 Ohio St. 81, 97 and Jones v. Maumee
(1925), 20 Ohio App. 455, 460.
 {¶ 10} R.C. 163.09(B) states that the courts may review a legislature's decision to appropriate to determine: (1) "whether the legislature's determination that the appropriation is necessary was an abuse of discretion;" (2) "whether the legislature's allegation in its petition that the parties could not agree is true; and" (3) "whether the legislature * * * has the right to appropriate the property." Huron, supra.
 {¶ 11} The determination of the legislature that the appropriation is necessary for public use will not be disturbed unless the property owner can demonstrate that the legislature's determination resulted due to fraud, bad faith, or was an abuse of discretion. State, ex rel.Gordon, 156 Ohio St. 81 at paragraph two of the syllabus; Allion v.Toledo (1919), 99 Ohio St. 416, paragraph one of the syllabus; Board ofEdn. of the City School Dist. Of Columbus v. Holding Corp. of Ohio
(1971), 29 Ohio App.2d 114, 126. Likewise, R.C. 163.09(B) requires the property owner to prove that the legislature abused its discretion in determining that appropriation is necessary. R.C. 163.09(B) further provides that a "resolution or ordinance of the governing or controlling body, council, or board of the agency declaring the necessity for the appropriation shall be prima-facie evidence of such necessity in the absence of proof showing an abuse of discretion by the agency in determining such necessity."
 {¶ 12} The record reveals that the City sought to acquire Appellant's property in order to expand Northwest Park and to construct the Northwest Akron Community Center. The project included providing a parking lot for the community center and providing a means of ingress and egress for service vehicles. The plan of the parking lot contained 112 spaces, and 65 of these parking spaces were to be available for use by the Library. William Marras, an architect with the Engineering Bureau for the City, stated that there was a necessity for the 112 spaces notwithstanding the Library's use, and went further to state that more spaces are needed as the number of spaces is "not really sufficient" to accommodate large meetings or banquets that will be held at the community center. Further, the record reveals that the Library is only able to use these parking spaces because the peak period for use of the parking lot by the community center and the Library differs.
 {¶ 13} There is nothing in the record to demonstrate that the City solely sought to appropriate Appellant's property for use by the Library. Although the Library benefited, it was merely incidental. SeeState, ex rel. Bruestle, 159 Ohio St. 13 at paragraph four of the syllabus. The evidence supports the determination that the appropriation was necessary for a public purpose. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred in refusing to permit Andrew J. Michaels to testify as an expert as to real estate valuation."
 {¶ 14} In its third assignment of error, Appellant contends that the trial court erred when it failed to qualify Andrew Michaels ("Michaels") as an expert for real estate valuation purposes. Appellant's assignment of error lacks merit.
 {¶ 15} Determining whether a person qualifies as an expert is a matter reserved for the trial court. State v. Maupin (1975),42 Ohio St.2d 473, 479; Evid.R. 104(A). See, also, State v. Tomlin
(1992), 63 Ohio St.3d 724, 728. Accordingly, an appellate court will not reverse a trial court's ruling regarding such matter absent an abuse of discretion. Maupin, 42 Ohio St.2d at 479; State v. Mathes (June 13, 2001), 9th Dist. No. 20225, at 3.
 {¶ 16} Evid.R. 702 provides that a witness may testify as an expert when all of the following apply:
"(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
"(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
"(C) The witness' testimony is based on reliable scientific, technical, or other specialized information."
 {¶ 17} Neither special education nor certification is necessary to qualify a witness as an expert. State v. Baston (1999), 85 Ohio St.3d 418,423. Rather, an expert need only possess knowledge that will assist the trier of fact in performing its fact-finding function. Id.; State v.Hartman, 93 Ohio St.3d 274, 285, 2001-Ohio-1580. Moreover, professional experience and training in a particular field may suffice to qualify one as an expert. State v. Beuke (1988), 38 Ohio St.3d 29, 43.
 {¶ 18} Ordinarily, a witness must be qualified as an expert prior to testifying as to his or her opinion regarding the value of property.Tokles Sons, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, paragraph one of the syllabus. Nevertheless, an owner may testify as to the value of his or her property without being qualified as an expert. Id. at paragraph two of the syllabus. The rationale behind this exception stems from the notion that an owner is familiar with the property from having purchased or dealt with it. Id. See, also, Bishop v. East Ohio Gas Co. (1944), 143 Ohio St. 541, 546.
 {¶ 19} In this case, the record reveals that Michaels did testify as to the value of the property. Although his testimony was not in the form of an expert opinion, it was in the form of his opinion as the owner of the property. Due to his familiarity with the property, he was able to proffer his opinion as to its value, and he needed not be qualified as an expert. See Tokles Sons, Inc., 65 Ohio St.3d 621 at paragraph two of the syllabus. As such, the trial court was not precluded from adopting his opinion as to the value of the property. See Corrigan v. Corrigan
(Sept. 12, 2001), 9th Dist. No. 3174-M, at 4-5. Accordingly, we cannot find that the trial court abused its discretion by failing to qualify Michaels as an expert for purposes of testifying as to the value of the property. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"It is error to fail to admit the written report of an expert containing the conclusions resulting wholly or partly from written information furnished by the cooperation of several persons acting for a common purpose."
 {¶ 20} In its fourth assignment of error, Appellant argues that the trial court erred when it failed to send an exhibit back to the jury room after it had admitted this exhibit into evidence. Appellant's argument fails.
 {¶ 21} Generally, exhibits admitted into evidence are sent back to the jury room. C.T. Taylor Co. v. Melcher (1983), 13 Ohio App.3d 6, 6-7. Despite this common practice, the discretion to send admitted exhibits back to the jury room lies with the trial court. Id. Accordingly, an appellate court will not reverse a trial court's decision as to whether exhibits should be sent back to the jury room absent an abuse of discretion. See id.
 {¶ 22} Upon a thorough review of the record, we find that Appellant did not enter an objection when the trial court declined to send the exhibit back to the jury room. Rather, the record indicates that Appellant's counsel replied "[o]kay" to the court's decision to "admit [the exhibit] for evidence purposes[, but] not [send it] back to the jury."
 {¶ 23} An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. Failure to timely object waives the opportunity for appellate review of any issue not preserved and, accordingly, such issue need not be considered for the first time on appeal. Fairlawn Landscape Supply v.Cook, 9th Dist. No. 20547, 2001-Ohio-1635, at 5, citing State v. Self
(1990), 56 Ohio St.3d 73, 81 and State v. Heilman (Sept. 21, 1994), 9th Dist. No. 2312-M, at 3. Therefore, as Appellant has waived its challenge on appeal, we overrule Appellant's fourth assignment of error.
 ASSIGNMENT OF ERROR V
"The trial court abused its discretion in overruling the motion of landowner for a new trial."
 {¶ 24} In its fifth assignment of error, Appellant alleges that the trial court abused its discretion when it denied Appellant's motion for a new trial. We disagree with Appellant's allegation.
 {¶ 25} This court notes that Appellant has failed to assert how the trial court's action constituted an error as it has failed to cite any applicable case law on this issue. See In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at 12 (declining to address the appellant's assignment of error because he failed to cite law applicable to the assigned error). As such, Appellant has failed to provide citations to authorities supporting its assignment of error and the standard of review applicable to its assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. Accordingly, as Appellant has failed to set forth any legal error by the trial court in this assignment of error, this court has no choice but to disregard it. Accordingly, Appellant's fifth assignment of error is overruled.
 {¶ 26} Appellant's assignments of error are overruled. The decision of the Summit County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
BAIRD, J. concurs.
[1] The other defendants include Herman Properties, Inc., Wal M F Investors, CT Corporate System, BWM Associates, CT Corporation, FirstEnergy Service Corporation, Herman Properties, John Donofrio, and Frank Williams. We note that the City dismissed the action as to many of these defendants.