THE STATE (TOWNSHIP OF BAINBRIDGE) EX REL. EVANS ET AL., APPELLEES, *v.* BAINBRIDGE TOWNSHIP TRUSTEES ET AL.; SHILLMAN, APPELLANT.

[Cite as State, ex rel. Evans, *v.* Bainbridge Twp. Trustees (1983),
5 Ohio St. 3d 41.]

(No. 82-823—Decided May 18, 1983.)

---

[1] Shillman represented Terry Carson and Robert Bacon in suits attempting to remove them from their offices as trustee and zoning inspector, respectively.

[2] The demand for judgment urged the court to declare the resolutions to be illegal and void for the reason that Terry Carson, by voting for the resolutions and contracts, violated R.C. 2921.42(A)(1) and (4), which state:

"(A)  No public official shall knowingly do any of the following:

"(1)  Authorize, or employ the authority or influence of his office to secure authorization of any public contract in which he, a member of his family, or any of his business associates has an interest;

"* * *

"(4)  Have an interest in the profits or benefits of a public contract entered into by or for the use of the political subdivision or governmental agency or instrumentality with which he is connected; * * *."

*Mr. Gene Henry,* for appellees.

*Mr. David B. Shillman, pro se.*

*Mr. J. Melvin Andrews,* urging reversal for *amici curiae,* Carson, Matousek, and Neuvirth.[4]

CLIFFORD F. BROWN, J. Appellant argues that the doctrine of *res judicata* was applied in the present case so as to deny him an opportunity to raise material matters affecting the resolution of the certification issue.[5] However, appellant's inability to address that issue directly results from the court of appeals' prior determination that the certification claim had *already*

---

[3] The trial court further ordered that in the event Shillman failed to make restitution, township trustees Carson and Matousek and township clerk Neuvirth would be liable for those amounts.

[4] Township officials, Carson, Matousek, and Neuvirth perfected a separate appeal to this court in case No. 82-778. Their motion to certify the record was denied on September 15, 1982. Upon this court's allowance of attorney Shillman's motion to certify the record in the present case, the township officials filed a brief which urged reversal of the judgment of the court of appeals. Appellees filed a motion to strike on the grounds that the parties had no standing.

In overruling appellees' motion to strike, this court concludes that while the township officials are not, in fact, "appellants" in the instant cause, their brief may nonetheless be considered as that of *amici curiae.* See, Section 5, Rule V of the Rules of Practice of the Supreme Court.

[5] Appellant's arguments include the following:

"Proposition of Law No. 1: Where the record of prior proceedings demonstrates that a litigant has been afforded no opportunity, under applicable procedural rules, to raise either material issues or matters affecting the resolution of such issues, the doctrine of *res judicata* does not bar litigation thereof in a subsequent action or proceeding.

"Proposition of Law No. 2: Payments made by a governmental subdivision under a void contract cannot be recovered, where the contractor has fully performed and there is no claim of effort to put such contractor in *statu quo* * * *. [Citation omitted.]

"Proposition of Law No. 3: Payments illegally made from public funds cannot be recovered, if made in good faith in reliance on a valid judgment, even if such judgment is ultimately held erroneous. [Citation omitted.]

"Proposition of Law No. 4: A governmental subdivision may become legally bound to pay for services rendered under a void contract where (1) a moral obligation exists and (2) the subdivision recognizes such obligation.

"Proposition of Law No. 5: Where a subdivision lawfully contracts for professional services, the total costs of which cannot be ascertained or accurately estimated, the contract is valid without advance certification of funds, as required by Section 5705.41, R.C.

"Proposition of Law No. 6: An attorney employed on a continuing basis under authority of Section 309.09, R.C., is a regular officer or employee of the employing subdivision. Legislation authorizing such employment is, therefore, not a 'contract,' as that term is used in Section 5705.41, R.C., and compensation is properly payable to such attorney pursuant to Section 5705.46, R.C."

been litigated.[6] If the certification issue was decided improperly in the first instance, appellant's *res judicata* argument need not be considered.[7]

The pivotal question in this litigation therefore becomes whether the certification issue was *ever* properly before the court of appeals. In order to resolve this matter, it is necessary to determine the applicability of Civ. R. 15(B) to the facts of the present case.

Civ. R. 15(B) provides, in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. * * *."

It is axiomatic that cases are to be decided on the issues actually litigated at trial. Although Civ. R. 15 allows for liberal amendment of the pleadings toward that end, the rule will only apply when, as stated therein, the amendment would "conform to the evidence" and when the issue is tried by either the "express or implied consent of the parties."

In the instant case, appellees proceeded to trial, resting their case upon the claim that one of the trustees had engaged in conduct violative of R.C. 2921.42(A)(1) and (4) and that therefore the resolutions under which Shillman was engaged were void. At no point either before, during, or after the trial did appellees seek to amend their complaint to include a charge that the resolutions were void for failure to comply with R.C. 5705.41. Although testimony relevant to this issue was elicited by one witness,[8] counsel for ap-

---

[6] In effect, the judgment of the court of appeals foreclosed all consideration of appellant's arguments tending to establish either that the law did not require advance certification of funds in the present case or that he had valid rights in equity to retain the monies paid.

[7] This court is neither bound by our refusal to accept jurisdiction of that initial appeal nor by any prior erroneous decision of a court of appeals when that decision is adhered to by that court in a second appeal. See *New York Life Ins. Co.* v. *Hosbrook* (1935), 130 Ohio St. 101 [3 O.O. 138].

[8] During the trial, township clerk Neuvirth testified during cross-examination that she did not certify availability of funds for appellant's fees. The relevant portion of that testimony is as follows:

"Q. You do not oppose this action to enjoin you from paying?

"A. I have no opposition to it, if it's a legal obligation to the Township. No, I have no opposition, providing that I can certify that the funds are there.

"Q. Have you certified that the funds are there?

"A. I don't know what funds you're talking about.

"Q. Funds to pay Mr. Shillman's attorney fees for representing Mr. Carson in his removal action, and Mr. Bacon in his removal action.

"A. I wouldn't be able to certify or do anything until I know what they are. I haven't been invoiced by Mr. Shillman, and I have no idea what amount you're talking about.

"Q. Your answer is that you have not certified the availability for any funds for this purpose?

pellees gave no indication that he planned to use such evidence to support a charge that the Shillman resolutions were void under R.C. 5705.41.

This court is not convinced that appellees introduced such testimony in an effort to establish a violation of R.C. 5705.41. Indeed, appellees' reliance on R.C. 5705.41 as grounds for relief appears to be an afterthought. It was not until their motion for a new trial that appellees argued that the "uncontroverted evidence" showed that the township clerk had failed to certify the availability of funds.

In rejecting that argument in its denial of appellee's motion for a new trial, the trial court alluded to Civ. R. 15(B) and specifically stated that it did not consider the certification issue.[9] In view of the scant testimony admitted on this issue and the trial court's explicit statement that it did not consider the issue, it can only be concluded that certification was *not* an issue in the case until the court of appeals rendered its opinion. Any amendment made at that time, therefore, was not one "to conform the pleadings to the proof," but was to inject a new and different issue as to which different and additional evidence would have been relevant.[10]

It can be argued that since appellant did not object to the introduction of the testimony relating to the certification issue, that such issue was tried by his implied consent.

An implied amendment of the pleadings will not be permitted, however, where it results in substantial prejudice to a party. See *Head* v. *Timken Roller Bearing Co.* (C.A. 6, 1973), 486 F. 2d 870; *Dozier* v. *Chupka* (S.D. Ohio E.D. 1975), 395 F. Supp. 836. See, generally, 6 Wright & Miller, Federal Practice & Procedure (1971), Section 1493 and 3 Moore's Federal Practice (1978), Paragraph 15.13[2], which interpret Fed. R. Civ. P. 15(b).[11] Various factors to be considered in determining whether the parties impliedly con-

---

"A. I only certify when I pay.
"Q. Your answer is you have not certified the funds are available?
"A. My answer is I haven't received any invoices on my part, on any legal obligation. I can't certify an unknown factor.
"Q. Your answer is no, that you have not certified that funds are available; isn't that right?
"A. I can't do that.
"Q. Isn't your answer no to the question?
"A. Well, it wouldn't be no, because — no; my answer is I couldn't do that."

[9] In denying the appellees' motion for a new trial, the trial court stated in part:
"No amendment of the pleadings was requested by the plaintiffs under Civil Rule 15(B), as to certification; this court *did not and could not consider the subject* and new trial cannot now be granted because of this issue." (Emphasis added.)

[10] This use of Rule 15 has been condemned by the federal courts as nothing more than a device calculated to force a new trial of the case. As the court in *Simms* v. *Andrews* (C.A. 10, 1941), 118 F. 2d 803, 807, observed: "[a]n amendment after judgment stating a new cause of action * * * is not permissible under the guise of conforming the pleadings to the proof * * *." See, also, fn. 12, *infra,* and cases cited therein.

[11] Fed. R. Civ. P. 15(b) is virtually identical to Ohio Civ. R. 15(B).

sented to litigate an issue include: whether they recognized that an unpleaded issue entered the case (*e.g., Parsons* v. *Doctors for Emergency Services* [D. Del. 1979], 81 F.R.D. 660); whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be retried on a different theory (*e.g., Monod* v. *Futura, Inc.* [C.A. 10, 1969], 415 F. 2d 1170; *Ellis* v. *Arkansas Louisiana Gas Co.* [C.A. 10, 1979], 609 F. 2d 436); and whether the witnesses were subjected to extensive cross-examination on the issue (*e.g., In re Ace Sales Co.* [E.D. Mo. E.D. 1973], 357 F. Supp. 936).

Under Civ. R. 15(B), implied consent is not established merely because evidence bearing directly on an unpleaded issue is introduced without objection. Rather, it must appear that the parties understood the evidence was aimed at the unpleaded issue. *MBI Motor Company, Inc.* v. *Lotus/East, Inc.* (C.A. 6, 1974), 506 F. 2d 709.

As previously stated, we find nothing in the record from which it can be inferred that any party or the trial court regarded the issue as one then being tried: the issue was first brought to the attention of the trial court in appellees' motion for a new trial; in denying that motion, the trial court specifically stated it did not consider the certification issue, and appellant failed to present any of the testimony and exhibits ultimately offered on remand or any of the arguments and authorities subsequently set forth in this appeal to show the inapplicability of R.C. 5705.41 to his employment. Under the circumstances, appellant cannot realistically be said to have given his implied consent.

In conclusion, we note that the implication of Civ. R. 15(B) is that a trial court may not base its decision upon an issue which was tried inadvertently. Whether an unpleaded issue is tried by implied consent is to be determined by the trial court, whose finding will not be disturbed, absent showing of an abuse of discretion. See *Chesapeake & Ohio Railway Co.* v. *Newman* (C.A. 6, 1957), 243 F. 2d 804. In view of the trial court's explicit explanation that the unpleaded issue of certification was not, in fact, considered, the court of appeals clearly exceeded its authority in reversing the trial court's dismissal of appellees' complaint.[12] Accordingly, the judgment of

---

[12] Our decision in this matter is further buttressed by the manner in which a number of federal courts have interpreted Fed. R. Civ. P. 15(b):

" 'It is a prime purpose of paragraph (b) to avoid the necessity of new trial because of procedural irregularities, not to set judgments aside and make new trials necessary. If this latter application of the rule were permitted, a losing party, by motions to amend and rehear, could keep a case in court indefinitely, trying one theory of recovery or defense after another, in the hope of finally hitting upon a successful one * * *.' " *Trantham* v. *Canal Ins. Co.* (E.D. Tenn. N.E. Div. 1953), 117 F. Supp. 241, at 247, affirmed (C.A. 6, 1955), 220 F. 2d 752. See, also, *Monod, supra,* at 1173; *Worley* v. *Columbia Gas of Kentucky* (C.A. 6, 1973), 491 F. 2d 256, at 265; *Simms* v. *Andrews* (C.A. 10, 1941), 118 F. 2d 803, at 807.

the court of appeals is reversed and the original judgment of the trial court dismissing appellees' complaint is reinstated.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, WEBER, HOLMES and J. P. CELEBREZZE, JJ., concur.

WEBER, J., of the Second Appellate District, sitting for LOCHER, J.