OPINION
Plaintiff, Christopher D. Brown, appeals from a judgment rendered inhis favor against Defendant, Susanne Learman, requiring Learman to returnan engagement ring that Brown had given her, or its value, less a set-offin the amount of expenditures that Learman had made in anticipation oftheir wedding. Brown argues that the trial court erred when it awardedthe set-off because Learman's underlying claim was not before the court.We find that the issue was before the court for determination becauseLearman's claim was tried by agreement of the parties, per Civ.R. 15(B),and we will affirm the judgment from which the appeal was taken.
 I.
In December of 1997, Brown proposed marriage to Susanne Learman, who accepted his proposal. Brown gave Learman a diamond engagement ring costing $4997.50. The wedding ceremony was scheduled for November 14, 1998.
Learman made a number of expenditures in anticipation of the wedding ceremony. The parties stipulated that Learman paid deposits to reserve a reception hall, to order the bridal gown and bridesmaid's dresses, and to secure the services of a photographer and videographer. The total amount of the deposits, which were not refundable, was $1991.78.
Brown terminated the engagement in July of 1998. He asked Learman to return the engagement ring, but she refused. Brown commenced this action against Learman, seeking a judgment for the value of the ring.
Brown's claim for relief was tried to a magistrate, solely upon written stipulations and trial briefs. On April 11, 2000, the magistrate rendered a decision finding for Brown in the amount of the ring, $4997.50, less a set-off of the amount of the deposits Learman had paid, $1991.78. The decision provided that Learman could satisfy the judgment by paying Brown the difference between the cost of the ring and the amount of the deposits, $2995.72, or by returning the ring, in which case Brown would be required to pay her the amount of the deposits, $1991.78.
Christopher Brown filed an objection to the set-off. The trial court overruled Brown's objection and accepted the magistrate's decision. Brown filed timely notice of appeal.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT IMPROPERLY SET-OFF ANY EXPENSES INCURRED IN THE PREPARATION OF MARRIAGE AGAINST THE VALUE OF AN ENGAGEMENT RING WHICH, AS A CONDITIONAL GIFT, IS REQUIRED TO BE RETURNED UPON THE TERMINATION OF THE ENGAGEMENT.
 In response to the complaint that Christopher Brown filed, Susanne Learman filed an answer denying his claim for relief. She filed no counterclaim seeking a judgment for the $1991.78 she had expended. Neither did she move to amend her pleadings during the trial to put a claim for those monies before the court. Brown argues that the trial court abused its discretion when it awarded Learman a set-off from the amount of the judgment awarded to Brown absent those pleadings or motions.
"It is axiomatic that cases are to be decided on the issues actually litigated at trial." State, ex rel. Evans v. Bainbridge Twp. Trustees(1983), 5 Ohio St.3d 41, 44. These issues must be set up in thepleadings that the parties file, which put the adverse party on notice ofany potential legal liability. However, a litigant cannot "stand bysilently while evidence is being admitted and then claim later that norelief can be granted because the matter was not pleaded." Robinson v.McDougal (1988), 62 Ohio App.3d 253, 259-60. Further, if the objectinglitigant has introduced evidence on the matter, the claim for impliedconsent to try the issue is even stronger. Id.
Civ.R. 15(B) states:
 When issues are not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.
 Motions to amend the pleadings to conform to the evidence presented may be made by any party at any time, but failure to amend does not affect the result of the trial of these issues. Civ.R. 15(B). Therefore, an amendment may be implied where it is never raised by motion. However, an implied amendment of the pleadings will not be permitted if it results in substantial prejudice to the adverse party. State, ex rel. Evans v. Bainbridge Twp. Trustees, supra.
Three factors must be considered when determining whether the parties have impliedly consented to litigate the issue:
 whether they recognized that an unpleaded issue entered the case; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be retried on a different theory; and whether the witnesses were subjected to extensive cross-examination on the issue.
 State, ex rel. Evans v. Bainbridge Twp. Trustees, supra, at 46. (Citations omitted).
Under Civ.R. 15(B), implied consent is not established merely because evidence bearing directly on an unpleaded issue is introduced without objection. Rather, it must appear that the parties understood the evidence was offered to support an unpleaded claim for relief. State exrel. Evans v. Bainbridge Twp. Trustees, supra. Applying that standard,we conclude that Brown impliedly consented to the trial of the issue ofLearman's claim for prenuptial expenditures and her right to a set-off ofthe amounts involved from any judgment the court rendered in favor ofBrown.
During Brown's deposition on October 27, 1999, he was questioned at length regarding Learman's expenditures. He admitted that he was aware of the arrangements that Learman had made in anticipation of the marriage. He made no objection to that line of inquiry.
The joint stipulations filed by the parties on December 20, 1999, contained the following stipulations:
 6. Defendant, Susanne Learman, remitted down payments in the amounts listed, prior to the termination of the engagement, for the following:
 a. Victoria's Wedding Services (Photographer) $200.00;
b. Star Productions (Videotaping) $200.00;
 c. Cherry Creek Country Club (Reception Hall) $200.00;
d. Pat's Bridal (Wedding Dress) $689.00;
e. Pat's Bridal (Bridesmaid's Dresses) $702.78;
f. Total Amount $1991.78.
 7. Plaintiff, Christopher D. Brown was aware arrangements of the type described in Paragraph 6 above were being made, but was not aware of the exact amount of the expenditures made by Defendant, Susanne Learman, described in Paragraph 6 above.
 Finally, Learman's trial brief of January 4, 2000, again recites the amounts of Learman's expenditures and states that "[d]ue to Christopher D. Brown's unilateral choice [to terminate the engagement], Susanne Learman has incurred a significant amount of un-reimbursed expenses." While Brown filed his trial brief before Learman, on December 30, 1999, Brown did not move to strike Learman's recitations as irrelevant to the claims before the court for determination.
Brown was aware, from his own deposition, that evidence concerning the expenditures that Learman made in anticipation of their marriage was put before the court. Brown never objected to the evidence or moved to strike it. Indeed, he introduced the evidence himself as one of the stipulating parties. Therefore, he knew or reasonably should have known that, like Brown, Learman was asking the court to award her a judgment for those amounts, or to set them off from any judgment it awarded Brown on his claim for the ring or its value. Learman's claim was, therefore, tried with the implied consent of the parties, and the court was authorized to enter a judgment in Learman's favor on it. State ex rel.Evans v. Bainbridge Twp. Trustees, supra.
Brown's assignment of error is overruled.
 III.
In addition to defending the relief that the trial court awarded to her, a judgment in the amount of $1991.78, Learman argues that the trial court erred when it awarded a judgment for Brown in the amount of $4997.50. Learman asks us to reverse the judgment for Brown, preserving the judgment the court awarded to her.
App.R. 3(C)(1) states:
 Cross appeal required. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, and interlocutoy ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.
 Learman filed no notice of appeal or cross appeal. Therefore, we lack jurisdiction to review the error she has assigned. Matthews v. Morris Sons Co. (1997), 118 Ohio App.3d 345 .
 IV. Conclusion
Having overruled the assignment of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, J. and KERNS, J., concur.
Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.