DECISION
Shree Gunatit Corp. and Yogi Divine, Inc., defendants-appellants, appeal a judgment of the Franklin County Court of Common Pleas granting an injunction filed by the Franklin County District Board o f Health ("board"), plaintiff-appellee.
Appellant Shree Gunatit Corp. owns certain property located at 425-429 Industrial Mile Road, located in Franklin County, Ohio. Yogi Divine, Inc., occupies and operates the "JP Mart," which sells beer and wine. On June 15, 2001, the board filed a complaint naming appellants as defendants and requesting injunctive relief. On July 18, 2001, the board filed an amended complaint alleging that overflowing dumpsters and the accumulation of solid waste on appellants' property constituted a nuisance. On August 2, 2001, appellants filed an answer in which they admitted to the allegations contained in the amended complaint and c ontended that the conditions had been corrected.
A hearing on the injunction was held August 2, 2001, during which the trial court traveled to the property at issue. The trial judge witnessed persons openly consuming alcohol on the premises, trash and debris, and overflowing dumpsters. Several neighbors who live near the property requested at the hearing that appellants be required to employ security guards to stop the loitering around the business. Appellants stipulated to the facts alleged in the amended complaint, and the trial court found that the board was e ntitled to injunctive relief.
Another hearing was held on August 23, 2001. At the hearing, appellants objected to any remedies regarding the loitering problem because such condition was not alleged in the amended complaint. The board stated that it would amend the complaint again if the loitering problem was not resolved. On August 30, 2001, another hearing was held to fashion a remedy, at which appellants again objected to any remedies that related to the loitering issue. On September 19, 2001, appellants filed a memorandum indicating what they believed to be the appropriate remedy and specifically objecting to any remedy that was not r elated to the issues raised in the amended complaint.
On October 4, 2001, the trial court granted injunctive relief and i mposed five conditions, including the following:
 3. For the first sixty days following the entry of this Order upon the journal, defendants must employ a person who is proficient in English and Spanish who at all times between the hours of 11 a.m. and 6 p.m. will patrol the grounds of the property to assure that any trash, debris or solid waste that appears on the property is immediately removed and assure that any unauthorized motor vehicles that are parked on the property are removed within 24 hours after the appearance of such motor vehicle. This person should also discern if any persons are loitering on the property, and if that person discerns that persons are loitering on the property, that person must direct those loitering persons to move off the property. If the loitering persons refuse to move, defendants shall seek the assistance of the Franklin Township Police Department in removing them from the property.
 4. At the conclusion of the time period referenced in paragraph numbered 3, defendant shall assure that once every hour during the hours their businesses are open a person in their employment who is proficient in English and Spanish shall walk the grounds of their property and shall remove any debris, trash or solid waste that is nearby or on the grounds of the property. If that person discerns that persons are loitering after property, that person must direct such loitering persons to move off the property. If such loitering persons refuse to move off the property, defendant shall seek the assistance of the Franklin Township Police Department in their removal from the property.
Appellants appealed the judgment with regard to paragraphs three and four only, and the trial court stayed the order with regard to paragraphs three and four pending appeal. Appellants assert the f ollowing assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN PARAGRAPHS 3 AND 4 OF THE INJUNCTIVE RELIEF WHEN IT ORDERED THE DEFENDANTS TO CORRECT THE PROBLEM OF LOITERING.
Appellants argue in their sole assignment of error the trial court erred in ordering them to remedy the loitering problem as indicated in paragraphs three and four of the injunction because the amended complaint sought an injunction based upon only overflowing dumpsters and the accumulation of solid waste on the property. The standard of review for this court regarding the granting of an injunction by a trial court is whether the trial court abused its discretion. Perkins v. Quaker City (1956), 165 Ohio St. 120, 125. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, the amended complaint filed by the board against appellants indicates in paragraph eight that "[s]pecifically, the Defendants have maintained overflowing dumpsters and an accumulation of solid wastes upon the property." These were the only conditions alleged in the complaint to be a nuisance. Although appellants stipulated that a nuisance existed on their property with regard to the overflowing dumpsters and accumulation of solid waste, they did not stipulate to any l oitering problems.
At the August 23, 2001 hearing, appellants' attorney raised this argument with the court, stating that any remedy involving the loitering issue was not properly before the court because it did not have any relationship to the issues alleged in the amended complaint. At that hearing, the judge specifically asked the prosecutor whether he agreed that the only issue before the court was with regard to the trash on the property. The prosecutor responded that he did believe that was the only issue currently before the court but that the board wanted to work with appellants to remedy all of the conditions rather than amend the complaint again. The prosecutor then stated, however, that he would amend t he complaint again if he had to incorporate the loitering issue.
The issue of whether loitering was part of the current case remained unresolved at the next hearing on August 30, 2001, and, in fact, the trial court implied that it was unlikely a showing could be made that the loitering issue was included within the allegations contained in the amended complaint. At the hearing, t he trial court stated:
 As far as the loitering that exists on the properties, not the property here — And I think it's been explained at other hearings there's other issues here that extend beyond the subject brought by the plaintiff, and while the Court would like to think that all the problems can be solved that are brought here, it can't. As to loitering on the properties that you mentioned, it's likely unless somehow there's evidence to show that the loitering is directly the result of the nuisance — and may or may not be able to show that, I'm not sure * * *.
After making the above statement, the trial court added that a telephone conference would be held in about two weeks, and the issue of loitering as it relates to the amended complaint could be discussed during that conference and at a later hearing. Appellants filed a memorandum on September 19, 2001, reiterating their objection to any remedy that exceeded the scope of the issues raised in the amended complaint. However, the board did not further amend its complaint, there were no further hearings, and the trial court issued an injunction that included the remedies addressing the loitering problem on the property.
Although Civ.R. 15 allows liberal amendment of the pleadings and permits parties to try issues that are not contained in the pleadings, such can only take place if the parties have expressly or implicitly consented to the trial of those issues or if no objection to the evidence on such issues is made. In State ex rel. Evans v. Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41, the Ohio Supreme Court explained these limitations in the s yllabus, as follows:
 1. An implied amendment of the pleadings under Civ.R. 15(B) will not be permitted where it results in substantial prejudice to a party. Various factors to be considered in determining whether the parties impliedly consented to litigate an issue include: whether they recognized that an unpleaded issue entered the case; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be tried on a different theory; and, whether the witnesses were subjected to extensive cross-examination on the issue.
 2. Under Civ.R. 15(B), implied consent is not established merely because evidence bearing directly on an unpleaded issue was introduced without objection; it must appear that the parties understood the evidence was aimed at the unpleaded issue.
In the present case, appellants clearly did not expressly or impliedly consent to have the issue of loitering tried before the court, and, in fact, appellants expressly objected to the issue of loitering being included in the remedy fashioned by the court during the hearing and in a separate pleading. Appellants could not have known that the unpleaded issue of loitering had entered the case and would be decided. Additionally, the prosecutor specifically agreed that further amendment of the complaint would be necessary if appellants did not agree to address the loitering issue. Because the amended complaint was not amended again to include the loitering issue, and both parties did not expressly or implicitly agree to litigate the issue of loitering, the trial court should not have included a remedy for loitering in the i njunction.
Further, "[i]t is axiomatic that cases are to be decided on the issues actually litigated at trial." Evans, supra, at 44. In the present case, the parties never actually litigated whether loitering caused the nuisance to which appellants had stipulated. The board argues that the trial court did address whether loitering caused the nuisance when it stated at the August 30, 2001 hearing: "It would seem to me if evidence of loitering still exists, littering still exists, the nuisance still exists." However, the board cites this statement out of context. Immediately after making the above statement, the trial court acknowledged that appellants did not agree that this issue was properly raised and that a telephone conference and further hearings would be necessary to make a final determination on this issue. There were no further hearings and the record does not reveal any further telephone conferences or discussions. Thus, appellants still opposed addressing the loitering issue when the trial court ordered the injunction that included terms regarding l oitering on the premises.
Accordingly, we conclude that because the complaint was never amended to add allegations relating to loitering, and because that issue was not tried with the express or implied consent of appellants, appellants were not afforded the opportunity to properly defend against this claim, and thereby suffered prejudice. Therefore, the trial court, while its intentions were good, abused its discretion in fashioning an injunction that included remedies relating to the loitering issue. Appellants' a ssignment of error is well-taken.
For the foregoing reasons, appellants' assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court to issue an injunction that conforms to the allegations contained in t he board's amended complaint, consistent with this decision.
Judgment reversed and case remanded with instructions.
KLATT and BOWMAN, JJ., concur.