DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court from the Fulton County Court, Eastern District, wherein appellee, Thomas J. Sheperak, was granted a judgment against appellant, Mary Ludlow. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On July 3, 2002, Sheperak filed a complaint against Ludlow seeking $11,680 from Ludlow for legal services rendered. Count 1 of the complaint was a demand for payment upon an account, and Count 2 was a claim for unjust enrichment.
 {¶ 3} A trial commenced on March 26, 2003. Ludlow testified that she is Sheperak's sister-in-law. In 1994, she was in the middle of a divorce and unhappy with the representation she was receiving from her then attorney. Ludlow expressed her concerns to Sheperak. Ludlow testified that Sheperak offered to help her with her divorce stating "a small town divorce would be a piece of cake." Ludlow testified that she told Sheperak that she could not afford to pay him. According to Ludlow, Sheperak responded "* * * don't worry about it, you're almost one of the family." Sheperak introduced Ludlow to Jeffrey Kersher, a new attorney Sheperak claimed to be mentoring. Sheperak explained that Kersher would also be helping Ludlow with her divorce. In 1995, Ludlow's divorce was finalized. In March 1997, Sheperak sent Ludlow a bill for legal fees in the amount of $11,680. Ludlow identified plaintiff's trial exhibit 3 which was a letter she sent to Sheperak stating she was shocked to have received a bill from him and denying that she owed him money. Ludlow also identified plaintiff's trial exhibit 4 which was a letter she sent to Kerscher which stated in pertinent part:
 {¶ 4} "At the time you rendered your services I thought you understood my unstable financial state. Please forgive me if I made it seem as if no effort was being made to pay you. I have a negative balance at the end of each month just meeting the basic expenses of five children. I am very conscience of my debt to you as well as Tom Sheperak, my parents and the list goes on. I am enclosing a $50.00 payment and will pay $50.00 a month."
 {¶ 5} Ludlow testified that in the letter to Kerscher, she used the word "debt" in reference to her emotional debt rather than a monetary debt. She testified that she never agreed to pay Sheperak for his services and that there was no "understanding" between the parties that she would be billed for his services.
 {¶ 6} Jeffrey Kersher testified that Sheperak contacted him in 1994 and asked if he would be willing to assist in a complicated divorce case. Kershaw's understanding was that he would be paid $150 a month towards his fee. As a new attorney, Kershaw's hourly rate was lower than Sheperak's. Kersher testified he was brought into the case to help lower Ludlow's fee. Kersher further testified that Ludlow agreed to pay Sheperak. The agreement was that Kershaw's fee would be paid before Sheperak's. Specifically, Sheperak was to be paid once Ludlow refinanced her home.
 {¶ 7} Sheperak testified that he first met Ludlow, his future sister-in-law, in 1994. At that time, Ludlow had just received a notice of a hearing for a modification of custody. As Sheperak was a lawyer, Ludlow asked him to take a look at it. Sheperak testified he explained to Ludlow that he was a business attorney and that he did not work on divorce cases. He offered to find her a divorce attorney. When he was unsuccessful in finding a divorce attorney for Ludlow, he agreed to take the case with the understanding that Kersher would assist him. Sheperak testified that he agreed to wait for Ludlow to be in a better financial position before he was paid though he did accept a $50 payment from her in 1994. Sheperak charged Ludlow a reduce rate of $100 per hour. He did not charge her for out of pocket expenses or long distance phone calls. Sheperak testified that it had always been his understanding that Ludlow would pay him once she refinanced her home. While waiting to be paid, Sheperak was surprised to find out that Ludlow had placed her Fulton County home up for sale and moved to Florida. It was then, in 1997, that he prepared a bill for his services and mailed it to Ludlow. When she refused to pay the bill, Sheperak instituted the instant action.
 {¶ 8} On April 21, 2003, the trial court granted Sheperak judgment against Ludlow. Ludlow now appeals setting forth the following assignments of error:
 {¶ 9} "I. The court erred as a matter of law and contrary to fact in granting plaintiff's post-trial conditional motion to amend the complaint to conform to the evidence.
 {¶ 10} "II. The court's findings are manifestly against the weight of the evidence.
 {¶ 11} "III. The court erred as a matter of law in not ruling on the applicability of o.r.c. 2305.15, the savings statute, and in not ruling on whether plaintiff's action is barred by the six-year statute of limitations.
 {¶ 12} "IV. The award of $11,630.00 in favor of plaintiff is contrary to law and is not supported by the evidence."
 {¶ 13} In her first assignment of error, Ludlow contends that the trial court erred in granting Sheperak's post trial motion to amend his complaint. Sheperak sought to add a third count to the complaint alleging that Ludlow had entered into an oral agreement with Sheperak to pay for his legal services after she refinanced or sold her house.
 {¶ 14} Civ.R. 15(B) states:
 {¶ 15} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
 {¶ 16} A court's decision with respect to a Civ.R. 15(B) motion to amend the pleadings will not be reversed absent a "gross abuse" of discretion. State, ex rel. Evans v.Bainbridge, (1983), 5 Ohio St.3d 41, 46, Knor v. Parking Co., (1991), 73 Ohio App.3d 177, 188. To determine whether the parties impliedly consented to litigate an unpleaded issue, the court must consider numerous factors: (1) "whether they recognized that an unpleaded issue entered the case" (2) "whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be retried on a different theory" and (3) "whether the witnesses were subjected to extensive cross-examination on the issue."State, ex rel. Evans, 5 Ohio St.3d at 45-46. Further, a party's failure to object when evidence relating directly to the unpleaded issue is introduced does not establish implied consent. Id. at 46. Instead, it must appear that the parties understood the evidence was aimed at the unpleaded issue. Id.
 {¶ 17} In the present case, Ludlow testified that she never entered into an agreement with Sheperak regarding payment of his legal fees following the refinancing of her home. Sheperak testified that it had always been his understanding that Ludlow would pay him once she refinanced her home. Remembering a 1996 meeting with Ludlow in Sheperak's living room, Sheperak testified: "[Ludlow] said the only way I know you're going to be paid is if * * * I can refinance or sell the house and I [Sheperak] said that's fine, I'll hold on until then. So [Ludlow] made that promise to me at that point or that offer and I [Sheperak] accepted it." On cross-examination, Sheperak was asked if he ever provided Ludlow with a letter of engagement or if he charged her a retainer. Sheperak answered no.
 {¶ 18} Kersher testified that there was an agreement between the parties that Sheperak's legal fees would be paid once Ludlow refinanced her home. Kersher noted that in plaintiff's exhibit 4 wherein Ludlow stated "I am very conscience of my debt to you as well as Tom Sheperak * * *", she further wrote:
 {¶ 19} "[I]n an effort to keep the only asset I have I used [my tax return check] to pay my mortgage. I am in the process of working with a consumer credit agency to refinance in an effort to lower my monthly payment and obtain a sum of money that could be used towards my debt."
 {¶ 20} The above evidence reveals that the existence of a valid offer and acceptance was thoroughly discussed at trial. Sheparek mentioned the issue in his opening statement and introduced a letter into evidence supporting his contention that there existed a valid offer and acceptance between the parties. Two of appellee's witnesses at trial testified that a valid offer and acceptance existed while the appellant vehemently denied the existence of any such agreement. Ludlow did not object at any time that Sheparek raised the issue. All witnesses were subjected to a thorough cross-examination regarding the issue. We can only conclude that the parties understood that the evidence was aimed at the unpleaded issue of offer and acceptance. Finding no abuse of discretion, Ludlow's first assignment of error is found not well-taken.
 {¶ 21} In Ludlow's third assignment of error, she contends that the court erred in not ruling on the applicability of R.C.2305.15, the savings statute and in not ruling on whether or not Sheparek's action is barred by the six-year statute of limitations. This assignment of error is without merit as the trial court determined, in its judgment entry, that Sheparek's cause of action fell "well within" the six year statute of limitations rendering it unnecessary to determine the applicability of the savings statute. Ludlow's third assignment of error is found not well-taken.
 {¶ 22} Ludlow's second and fourth assignments of error will be addressed together. Ludlow contends that the trial court's decision, awarding judgment to Sheperak in the amount of $11,630 goes against the manifest weight of the evidence.
 {¶ 23} Appellee alleged alternative theories of recovery in his complaint and the amendment made thereafter.
 {¶ 24} Whether there was a valid offer and acceptance under the first and third counts of the complaint has been discussed above.
 {¶ 25} The appellee's other theory of recovery in count 2 of his complaint was unjust enrichment. Unjust enrichment occurs when a party has or retains money or benefits, which in justice and equity belong to another. Hummel v. Hummel (1938),133 Ohio St. 520, 528. To prove unjust enrichment certain factors must be present: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Burgin v. Madden, 6th Dist. No. L-01-1267, 2002 Ohio 2636, citing Hambleton v. R.G.Barry Corp. (1984), 12 Ohio St.3d 179, 183.
 {¶ 26} Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. Further, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. Cent. Motors Corp.v. Pepper Pike (1995), 73 Ohio St.3d 581, 584.
 {¶ 27} It is undisputed that Sheperak provided Ludlow with legal assistance. Whether or not Sheperak agreed to provide this assistance for free is disputed between the parties. Based on the letter Ludlow wrote to Kersher acknowledging her "debt" to Sheparek, plaintiff's trial exhibit 1 which was a bill setting forth the amount of hours that Sheparek spent on Ludlow's case, the arrangement to bring in Kersher and to pay him for his services, and deferring to the trial court's determination of witness credibility, we conclude that there was competent and credible evidence introduced in this case to support the trial court's decision under either a contractual theory or an unjust enrichment claim. Appellant's second and fourth assignments of error are found not well-taken.
 {¶ 28} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Fulton County Court, Eastern District, is affirmed. Costs to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., concur.