OPINION
{¶ 1} This is an appeal by defendant-appellant, Briggs Road Shopping Center Corp., from a judgment of the Franklin County Municipal Court, Environmental Division, declaring a building owned by appellant to be a public nuisance, and granting the request *Page 2 
of plaintiff-appellee, City of Columbus ("city), for a permanent injunction ordering the building to be demolished.
 {¶ 2} On March 13, 2006, the city filed a complaint for injunctive relief, alleging that appellant's property, located at 2732 Briggs Road, constituted an unsafe building, and, therefore, a public nuisance, pursuant to Columbus Building Code Section 4109.01. The complaint alleged that a city building inspector had issued a building order to appellant, setting forth various violations, and that appellant had not filed an appeal regarding the alleged violations, nor taken any steps to remedy the condition of the building.
 {¶ 3} The trial court subsequently filed an entry continuing the case to allow appellant to file an administrative appeal to the Columbus Building Commission ("building commission"). By entry dated December 14, 2006, the trial court noted that the building commission had denied appellant relief in its administrative appeal, and the court therefore reassigned the case for hearing. By entry filed on February 22, 2007, the trial court stayed the matter "pending an appeal of the underlying building order" to the municipal court. The municipal court subsequently dismissed appellant's administrative appeal for failure to prosecute, and by entry filed October 16, 2007, the trial court reinstated the city's action in the instant case.
 {¶ 4} The trial court conducted a hearing on March 4, 2008. By decision and entry filed June 6, 2008, the trial court granted the city's request that appellant's building be declared a public nuisance, and the court further granted a permanent injunction ordering the destruction of the building. *Page 3 
 {¶ 5} On appeal, appellant sets forth the following two assignments of error for this court's review:
 ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN ALLOWING THE PLAINTIFF TO AMEND ITS COMPLAINT TO INCLUDE OHIO BUILDING CODE SECTIONS 1502 AND 1503.01 WITHOUT PROPER NOTICE TO THE DEFENDANT.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT IMPROPERLY DENIED THE DEFENDANT RIGHTS TO REMEDIATE THE BUILDING PURSUANT TO ITS EXPERT WITNESSES' OPINION.
 {¶ 6} Appellant's two assignments of error are somewhat interrelated, and will be considered together. Under its first assignment of error, appellant asserts that the trial court erred in allowing the city to amend its complaint to include sections of the Ohio Building Code without proper notice. Under the second assignment of error, appellant argues that the trial court denied it the right to remediate any structural problems with the building pursuant to the testimony of its expert witness.
 {¶ 7} Appellant first argues that the trial court, in its decision granting the city's request to have the building declared a nuisance, essentially relied upon Ohio Building Code Sections 1502 and 1503, pertaining to roof assemblies and rooftop structures. Appellant contends that the Ohio Building Code sections at issue were not part of any evidence presented at trial, and that any allegation that the Ohio Building Code required the roof to be replaced or repaired was not submitted until post trial, thereby prejudicing appellant. *Page 4 
 {¶ 8} The record does not fully support appellant's characterization of the proceedings. The complaint filed by the city sought an order finding that the premises constituted a nuisance, pursuant to Columbus Building Code Section 4109.01, based upon appellant's failure to address violations listed in a building order, including matters pertaining to the roof. Specifically, the building order included allegations that the property was open to entry, that it had suffered water infiltration, and that weather, age, and neglect had caused the building to deteriorate. The order further alleged that "there is the danger of falling roof panels," that "many of the roof panels have already fallen," and that "those that have not are most likely water-logged and will likely fall, sporadically, in the foreseeable future."
 {¶ 9} A review of the record also reveals that the parties discussed certain provisions of the Ohio Building Code during the trial of this matter. Specifically, following the first day of trial, on March 4, 2008, the trial court continued the matter until March 10, 2008. The record indicates that, on March 6, 2008, the trial court faxed to appellant's counsel a copy of portions of the Ohio Building Code, i.e., Sections 1502 and 1503 (pertaining to roofs) and Section 3401.2 (maintenance). When the hearing resumed, on March 10, 2008, counsel for appellant acknowledged having received a faxed copy of the Ohio Building Code on March 6, 2008, but counsel argued this constituted insufficient notice because the document was sent after the start of the trial.
 {¶ 10} As noted, appellant's primary contention is that the trial court erred by amending the pleadings, without notice, to include provisions of the Ohio Building Code. Civ. R. 15(B) provides in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they *Page 5 
had been raised in the pleadings." That rule further states: "Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment."
 {¶ 11} Thus, Civ. R. 15 allows for amendment of the pleadings when such amendment "would `conform to the evidence' and when the issue is tried by either the `express or implied consent of the parties.'" State exrel. Evans v. Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41, 44. An implied amendment of the pleadings will not be permitted if a party is substantially prejudiced. Id., at 45. Finally, "[w]hether an unpleaded issue is tried by implied consent is to be determined by the trial court, whose finding will not be disturbed, absent showing of an abuse of discretion." Id., at 46.
 {¶ 12} Columbus Building Code Section 4109.01 states as follows:
 All buildings or structures which are structurally unsafe or not provided with adequate egress or which constitute a fire hazard or are otherwise dangerous to human life and all uncompleted building for which there are no valid building permits are for the purpose of this Building Code, "unsafe buildings." All such unsafe buildings are declared to be public nuisances pursuant to the definition in Chapter 4101 and shall be abated by repair and rehabilitation or by demolition in accordance with the procedure of this chapter.
 {¶ 13} In its decision, the trial court reviewed the language of the building order, which notified appellant that building inspectors found its building to be structurally unsafe pursuant to Columbus Building Code Section 4109.01. Based upon the evidence presented at trial, the court similarly concluded that the building was not structurally safe, and, therefore, that appellant's building "can be deemed an `unsafe building' in accordance with Columbus Building Code § 4109.01, and is therefore a public nuisance." Further, the trial court addressed appellant's argument that it was not provided proper *Page 6 
notice that the city was requiring appellant to replace or repair the roof structure, holding in part:
 * * * Defendant acknowledges receipt of the building order but argues that the "focus" of this order was on the fact that the building was unsafe, and that Defendant had hired an engineer to draw plans [to] fix this problem without replacing the roof. The problem with this argument is that even if the Defendant were allowed to ignore the parts of the building order in which the Defendant deemed not to be "the focus," he was still required to commence work within thirty (30) days of service. Work never commenced to correct the violations listed on the building order, and in fact, Defendant has done nothing.
 {¶ 14} In the present case, even assuming, without deciding, that a formal amendment of the pleadings was warranted, we agree with the city that the outcome of the case would not have been different based upon evidence that the property at issue constituted an unsafe building under Columbus Building Code Section 4109.01. A review of the record supports the trial court's determination that appellant did not take timely action to comply with the building order. Specifically, the April 14, 2005 building order notified appellant that it was required to abate the nuisance, and in conjunction with that directive, the order informed appellant it must submit drawings, obtain permits, have all required inspections, and obtain a final approval. Appellant, however, did not submit any materials to the city, nor did it file an appeal within 30 days of the April 2005 order. Rather, appellant took no action until after the city filed its complaint on March 13, 2006, at which time appellant requested a stay from the trial court to allow an administrative appeal to the building commission.
 {¶ 15} Regarding testimony of the alleged violations, city building inspector Richard Booker, who inspected the building in April 2005, testified that the unoccupied *Page 7 
building was not secured, that bar joists were missing or falling, and that there were "cracks along the block." (Tr. Vol. I, at 15.) According to Booker, the condition of the blocks indicated the building was shifting, and he cited a lack of lateral bracing which could cause the building to fall in the event of a strong wind. Booker also observed that sheeting had fallen from the roof, and he stated there was a danger of further sheeting falling from the structure. Booker inspected the premises again in December 2007, and noted continued deterioration of the building. Booker opined that the condition of the building violated portions of the Columbus Building Code.
 {¶ 16} Appellant's own witness, Thomas A. Tonti, acknowledged numerous holes in the roof, and that the condition of the building was not structurally safe. Specifically, regarding the condition of the property, Tonti testified that "the area of the roof that is still in there * * * if people feel that's a safety issue, and I can certainly see where that would be, that we would remove that. And then to make the property structurally safe again * * * so that * * * the wall doesn't fall over, we would * * * brace the building[.]" (Tr. Vol. II, at 79.)
 {¶ 17} Upon review of the record, there was evidence to support the trial court's determination that the building was structurally unsafe, and, therefore, a public nuisance, under Columbus Building Code Section 4109.01. Thus, appellant cannot show prejudice as a result of the trial court's reference to provisions of the Ohio Building Code.
 {¶ 18} Appellant also contends that the trial court improperly denied it the right to remediate the building based upon the testimony of its expert witness. More specifically, appellant argues that David Holtzapple, an engineer, testified that the walls of the building could be braced. Appellant maintains that a property owner must be afforded the *Page 8 
alternative of repairing or rehabilitating the building before it may be demolished by the city. Appellant's argument, however, ignores the fact that it was provided notice of the alleged violations in 2005, but failed to take timely action, and that the building order was subsequently affirmed by the building commission.
 {¶ 19} Columbus Building Code Section 4109.06 states in relevant part:
 In case the owner of record * * * shall fail, neglect or refuse to comply with the notice to repair, rehabilitate or demolish and remove such building or structure or portion thereof, and where such person * * * fails to file an appeal as provided herein in C.C. 4109.02 of the Columbus City Codes, or having filed an appeal, the order is affirmed by the building commission, the owner * * * shall be subject to the penal provisions of the Building Code and the building official shall proceed to have the building or structure or portion thereof demolished and removed from the premises * * *
 {¶ 20} The order at issue, dated April 14, 2005, was sent to appellant's agent, informing appellant that it must submit drawings to the Department of Development for approval, and that it must obtain a building permit, submit to all required inspections, and obtain a final approval under Columbus Building Code Sections 4113.29 (plans), 4113.37(B) (permits), 4115.01 (inspections), and 4113.83 (occupancy). The order further provided that, if appellant did not repair or rehabilitate the structure, then it must employ a licensed demolition contractor to obtain a demolition permit to raze the building. The building order notified appellant that it had 30 days to correct the alleged violations, as well as 30 days to appeal the order. As previously noted, appellant failed to respond within 30 days to the 2005 building order, and the building commission subsequently affirmed that order; appellant's further appeal of the building commission's order was dismissed for failure to prosecute. *Page 9 
 {¶ 21} The trial court, in ordering demolition of the building, pursuant to Columbus Building Code Section 4109.06, cited appellant's failure to take appropriate action to comply with the notice to repair. The trial court further noted it was "now over three years after the [appellant] received the building order, and the property has only continued to deteriorate and become more of a nuisance to the surrounding community." Upon review of the record in this case, we find no error with the trial court's determination to grant the relief requested by the city.
 {¶ 22} Based upon the foregoing, appellant's first and second assignments of error are without merit and are overruled, and the judgment of the Franklin County Municipal Court, Environmental Division, is hereby affirmed.
Judgment affirmed.