OPINION
{¶ 1} On February 26, 1988, appellants, Frederick and Deloras Forster, executed a note and accompanying mortgage in the amount of $30,000 with State Savings Bank. On February 9, 1989, appellants executed a second note and accompanying mortgage with State Savings Bank. The 1989 note was in the amount of $60,000. Both mortgages were placed on appellants' property located on Macewen Court, Dublin, Ohio.
 {¶ 2} On February 23, 1998, appellee Huntington National Bank filed a certificate of judgment against appellants in the Franklin County Municipal Court. Same was filed in the Court of Common Pleas for Delaware County, Ohio, on April 28, 1998.
 {¶ 3} Sometime in 1998, Deloras Forster filed for bankruptcy. She was discharged from bankruptcy on June 11, 1999. Appellant Frederick Forster had filed for bankruptcy in 1995. He was discharged from bankruptcy on October 23, 1995.
 {¶ 4} On June 12, 2001, appellants refinanced their property with Mortgage Corporation of Ohio. The title company involved in the refinancing was Pure Title Agency. Pure Title determined the 1988 note and mortgage had a zero balance and were apparently "charged off," and the 1989 mortgage had been released. On February 15, 2002, appellants again refinanced the property with Mortgage Corporation. The Huntington Mortgage Company provided the necessary funding for the 2001 and 2002 notes. The Huntington Mortgage Company is separate and apart from appellee Huntington.
 {¶ 5} On October 17, 2002, Fifth Third Bank, as successor in interest to State Savings, filed a foreclosure action against appellants regarding the 1988 note and *Page 3 
mortgage. Appellee Huntington, as a lien holder, was named in the complaint. Thereafter, on April 25, 2003, Fifth Third filed an amended complaint seeking foreclosure on the 1989 note and mortgage.
 {¶ 6} On July 8, 2003, appellee Huntington filed a cross-claim against all other defendants, claiming its February 23, 1998/April 28, 1998 certificate of judgment was the first and best lien on the property. On January 24, 2005, appellee Huntington filed a motion for summary judgment. Appellants also filed a motion for summary judgment on appellee Huntington's claims. By decision and entry filed March 22, 2006, the trial court granted appellee Huntington's motion, finding it had a valid and subsisting judgment lien against appellants.
 {¶ 7} A bench trial was held before a magistrate on April 18, 2006. Prior to trial, appellee C W Asset Acquisitions, LLC, was substituted as plaintiff as it had acquired Fifth Third's interest in the notes and mortgages. By judgment entry filed May 15, 2006, the magistrate issued a decision, finding in favor of appellee C W as against appellants. However, C W did not have priority over the Clerk of Court, the County Treasurer, Huntington Mortgage Company and Mortgage Electronic Registration Systems, Inc. The trial court approved and adopted the magistrate's decision on August 17, 2006.
 {¶ 8} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 9} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE HUNTINGTON NATIONAL BANK WHEN CONTRARY TO OHIO CIVIL RULE 56 *Page 4 
IT HELD THAT THE FORSTER'S (SIC) COULD NOT USE AFFIDAVITS TO CREATE THE REQUISITE MATERIAL ISSUE FACT TO DEFEAT THE MOTION FOR SUMMARY JUDGMENT."
 II {¶ 10} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE HUNTINGTON NATIONAL BANK WHEN THE AFFIDAVITS OF FRED FORSTER AND FRANK FULLIN, CREATED THE REQUISITE MATERIAL ISSUE FACT AS TO THE DEFENSES OF WAIVER AND/OR ESTOPPEL AND THE ISSUE OF THE LAW OF THE CASE, TO DEFEAT THE HUNTINGTON'S MOTION FOR SUMMARY JUDGMENT."
 III {¶ 11} "THE COURT ERRED IN GRANTING JUDGMENT FINDING MR. FORSTER PERSONALLY LIABLE FOR THE 1989 NOTE AND MORTGAGE, WHEN C W ASSET ACQUISITION, LTD. DID NOT ASSERT ANY CLAIM IN ITS COMPLAINT RELATED TO A 1989 NOTE AND MORTAGE AND DID NOT PRAY FOR SUCH RELEIF AGAINST MR. FORSTER."
 I {¶ 12} Appellants claim the trial court erred in granting summary judgment to appellee Huntington. Specifically, appellants claim the trial court erred in finding they could not use affidavits to "create the requisite material issue fact," and the affidavits they presented established waiver and/or estoppel and law of the case. We disagree. *Page 5 
 {¶ 13} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 14} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 15} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 16} In their appellate brief at 4, appellants argue the trial court "applied a faulty principal of law to the review of the evidence submitted by the Forsters." Appellants cite the trial court's "first sentence of page 6 of its [March 22, 2006] opinion" wherein the trial court stated "an affidavit cannot be used to create an issue of fact." Appellants argue the trial court clearly ignored their submitted affidavits.
 {¶ 17} In its decision and entry filed March 22, 2006, the trial court stated the following in relation to the affidavits: *Page 6 
 {¶ 18} "In this case, the Forsters have failed to demonstrate, by Affidavit or otherwise, that Huntington is estopped from asserting its judgment lien. That is, the Affidavit of Frederick T. Forster is insufficient to prove a claim of estoppel, as it contains hearsay and lacks sufficient, detailed information for the Court to find a factual misrepresentation existed. Additionally, an affidavit cannot be used to create an issue of fact."
 {¶ 19} It is true an affidavit can be used to create an issue of fact; however, it is also true an affidavit based on hearsay cannot create an issue of fact where none exists. Statements in affidavits that would otherwise be inadmissible at trial are to be excluded on summary judgment. Wall v. Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313. In this case, the trial court did not ignore appellants' submitted affidavits as it clearly reviewed the affidavits and deemed them to be insufficient and contain hearsay. The trial court did not use a faulty principal of law.
 {¶ 20} Appellants also argue the affidavits of appellant Frederick Forster and Frank Fullin, an employee of Pure Title, "created the requisite material issue fact" as to the defenses of waiver and/or estoppel and law of the case. Both affidavits stated some unknown individual on behalf of appellee Huntington orally agreed to release appellants from the certificate of judgment, and instructed Pure Title to release escrowed funds to appellants.
 {¶ 21} In its appellate brief at 14, appellee Huntington argues the affidavits are "specious" and "do not pass muster under Civ. R. 56." We agree. Upon review of the affidavits, we find they do not identify the Huntington representative involved in the discussions, do not specify the date of the purported oral release and do not include *Page 7 
documentation or notes to support the conversations. Because the Huntington representative is not known, it is impossible to determine if the individual had the authority to speak for appellee Huntington and if the "release" was within the scope of the individual's duties. There is no evidence that appellee Huntington received consideration for "releasing" the certificate of judgment lien.
 {¶ 22} Appellee Huntington filed a certificate of judgment on February 23, 1998/April 28, 1998. Appellant Deloras Forster was discharged in bankruptcy in 1999. She avoided certain liens, including a July 11, 1994 filed by appellee Huntington, but the aforementioned certificate of judgment was not included in the order. See, Order Avoiding Liens, filed June 30, 1999 in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, attached to Appellee Huntington's Brief as Exhibit D. While the bankruptcy released appellant Deloras Forster from personal liability on the February 23, 1998/April 28, 1998 lien, it did not extinguish the debt. Johnson v. Home State Bank (1991),501 U.S. 78. Therefore appellee Huntington could pursue its lien in rem. Id.
 {¶ 23} Upon review, we find the trial court did not err in granting summary judgment to appellee Huntington.
 {¶ 24} Assignments of Error I and II are denied.
 III {¶ 25} Appellants claim the trial court erred in finding in favor of appellee C W as against appellant Frederick Forster on the 1989 note. We disagree.
 {¶ 26} At the outset, we note appellants did not file an objection to the magistrate's decision. Civ.R. 53(E)(3)(b)(i) provides for a party to file objections to a *Page 8 
Magistrate's decision within fourteen days of the filing of the decision. Subsection (E)(3)(b)(iv) states the following:
 {¶ 27} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 28} According to the clear language of Civ.R. 53(E)(3)(b)(iv), a failure to file objections to a magistrate's decision constitutes a waiver of any alleged error. See, Stamatakis, et al. v. Robinson
(January 27, 1997), Stark App. No. 1996CA00303. Because appellants did not object to the magistrate's decision, they accepted the magistrate's findings of fact as adopted by the trial court. In her findings of fact, the magistrate found the following in pertinent part:
 {¶ 29} "On April 25, 2003, Fifth Third was granted leave and filed an Amended Complaint also seeking to foreclose on the 1989 Note and 1989 Mortgage.
 {¶ 30} "C W determined from the Payment History that there was a balance due and owing on the 1989 Note, and that the 1989 Mortgage had been released in error. The Payment History presented at trial indicates that the 1989 Note has a balance due and owing of $104,352.29, as of April 18, 2006."
 {¶ 31} In their appellate brief at 8, appellants argue C W's complaint pertained to the 1988 note and mortgage. Appellants further argued "[a]t no time did the Plaintiff plead for nor seek any monetary judgment against Fred Forster on a 1989 note, in the *Page 9 
pleadings or in its prayer for relief. Mr. Forster was not given notice of such a claim and did not defend such a claim."
 {¶ 32} As the magistrate indicted, on April 25, 2003, Fifth Third filed an amended complaint against appellants seeking foreclosure on the 1989 note and mortgage. Because Fifth Third erroneously thought appellant Frederick Forster was immune from personally liability on the note and mortgage because of his 1995 bankruptcy, Fifth Third sought an in rem judgment. During discovery, appellee C W discovered appellant Frederick Forster executed a Reaffirmation Agreement during his bankruptcy proceeding. In the agreement, attached to appellee C W's brief as Exhibit B, appellant Frederick Forster reaffirmed the 1989 debt owed to appellee C W's predecessor, State Savings. Appellant Frederick Forster acknowledged the agreement in his deposition at 14 and in his admissions. As noted by the magistrate, the amount due and owing on the 1989 note was discussed during the trial. Appellants had the opportunity to cross-exam on the issue.
 {¶ 33} Although appellee C W did not specifically plead personal liability on the 1989 note and mortgage, a trial court may rule on an issue that was not included in the pleadings, but was express or implied during the trial:
 {¶ 34} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues." Civ.R. 15(B). *Page 10 
 {¶ 35} In State ex rel. Evans v. Bainbridge Township Trustees (1983),5 Ohio St.3d 41, paragraph one of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 36} "An implied amendment of the pleadings under Civ.R. 15(B) will not be permitted where it results in substantial prejudice to a party. Various factors to be considered in determining whether the parties impliedly consented to litigate an issue include: whether they recognized that an unpleaded issue entered the case; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be tried on a different theory; and, whether the witnesses were subjected to extensive cross-examination on the issue."
 {¶ 37} We find appellants had notice that they may be personally liable on the 1989 note and mortgage, they had ample opportunity to address the issue, during discovery, admissions, a summary judgment motion, and the trial, and had the opportunity to cross-exam witnesses.
 {¶ 38} Upon review, we find the trial court did not err in finding in favor of appellee C W as against appellant Frederick Forster on the 1989 note.
 {¶ 39} Assignment of Error III is denied. *Page 11 
 {¶ 40} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
 Farmer, J. Gwin, P.J. and Hoffman, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. *Page 1