DECISION AND JUDGMENT ENTRY
{¶ 1} Tracy Thomson, Jr. ("Thomson") appeals the judgment of the Hocking County Common Pleas Court granting Petitioner, Lynda Murral ("Murral"), a civil protection order. Thomson alleges that the trial court's grant of the civil protection order was against the manifest weight of the evidence, and that the trial court erred in ordering him to pay child support for the parties' minor daughter without evidence of the factors required by R.C. 3119 et seq. Because we find that R.C. 3113.13 provides no specific time parameters for bringing allegations to the court in petitioning for a protective order, and there is some competent credible evidence to support the trial court's finding that Thomson has caused Murral physical harm, we affirm the trial court's judgment as it relates to the issuance of the civil protection order. However, because we find that the record does not contain a child support worksheet as required by R.C. 3119.02 and Marker v.Grimm (1992), 65 Ohio St.3d 139, 141-42, we reverse the trial court's judgment ordering Thomson to pay child support to Murral. Accordingly, we affirm the judgment in part, reverse the judgment in part, and remand this cause for further proceedings consistent with this decision.
 I. {¶ 2} Thomson and Murral cohabited for some period ending in September 2001. Shortly thereafter, Murral gave birth to the parties' daughter, Jazmin Danielle Thompson (DOB: November 24, 2001).[1] Thomson's uncontroverted testimony reveals that, more or less, from the time of Jazmin's birth until some time in February 2003, Jazmin stayed with Murral for one week, and then with Thomson the next. In early February 2003, Thomson filed a motion in the Hocking County Court of Common Pleas, Juvenile Division, seeking custody of Jazmin. Thereafter, on February 25, 2003, Murral filed a petition for a civil protection order. In her petition, Murral alleged that Thomson committed acts of domestic violence against her when she was seven months pregnant, that Thomson had threatened her, and that Thomson harassed her at her place of employment. Because of the petition, the trial court issued an ex parte civil protection order.
 {¶ 3} At the full hearing on Murral's petition, the trial court heard the testimony of both parties, Murral's supervisor at her place of employment, Murral's husband, Murral's niece, Thomson's ex-wife, Thomson, and Thomson's mother. At the close of the hearing, the trial court indicated that it found Murral's testimony and that of her husband credible. Further, the trial court noted that some things in Thomson's testimony "don't add up[.]" Accordingly, the trial court found that Murral had proven the elements of her case by a preponderance of the evidence and issued a civil protection order.
 {¶ 4} Thomson appeals raising two assignments of error: "Assignment of error No. 1: the lower court's decision granting the civil protection order was against the manifest weight of the evidence. assignment of error No. 2: the lower court erred in ordering child support contrary to ohio revised code §3113.31(K)(1) and ohio revised code § 3119.02 and without evidence of the factors required to be considered pursuant to ohio revised code § 3119.02."
 II. {¶ 5} In his first assignment of error, Thomson argues that the trial court's finding that he engaged in domestic violence against a family member was against the manifest weight of the evidence and therefore that the trial court erred by issuing a civil protection order. The decision whether to grant a civil protection order lies within the sound discretion of the trial court. Parrish v. Parrish (2002), 95 Ohio St.3d 1201, 1204, citation omitted. We presume that the findings of the trial court are correct, because the trial court can view the witnesses and weigh the credibility of the proffered testimony. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Thus, we will not reverse the trial court's decision for being contrary to the manifest weight of the evidence if there is some competent, credible evidence going to the essential elements of the case.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 6} A person seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton (1997),79 Ohio St.3d 34. R.C. 3113.31(A)(1) defines "domestic violence", in relevant part, as "* * * the occurrence of one or more of the following acts against a family or household member: "(a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section2903.211 or 2911.211 of the Revised Code[.]" Emphasis added.
 {¶ 7} The parties do not dispute the fact that they meet the statutory definition of "family or household members" by virtue of the fact that they are both the natural parents of Jazmin, and the fact that they cohabited until September 2001. R.C.3113.31(A)(3)(b) and (4).
 {¶ 8} At trial, Murral testified about a September 2001 incident in which she claimed that Thomson assaulted her by grabbing her, pushing her, and shoving her aside. She testified that she had visible scratches and bruises on her arms. Murral's niece testified that she went to Murral's home after the incident, and was there when the police arrived. She further testified that Murral had red marks on her wrists that looked like they were going to turn into bruises. Mr. Thomson's ex-wife also testified that she was at Murral's home after the incident while the sheriff was there. She further testified that she saw bruises on Murral's wrists, and on the top of one arm.
 {¶ 9} Thomson testified that Murral initiated the assault, and that he only restrained her to keep her from hitting him. However, as we have previously stated, the trial court is in the best position to determine the credibility of the witnesses. Here, the trial court determined that Murral's testimony regarding the September 2001 incident, and that of her witnesses, was more credible than Thomson's and appropriately issued a civil protection order.
 {¶ 10} Thomson argues the trial court inappropriately issued a civil protection order based upon an act of domestic violence that occurred one and a half years before the filing of the petition. However, we note that R.C. 3113.31 provides no specific time limit for bringing allegations to the court in petitioning for a protective order. Thus, we find that whether an occurrence of domestic violence is recent enough to warrant a civil protection order is a matter committed to the sound discretion of the trial court. See, Halley v. Ashley (Nov. 12, 1997), Summit App. No. 18232 (Upholding issuance of civil protection order based upon domestic violence that occurred six months before filing of the petition.); Hoff v. Brown (July 30, 2001), Stark App. No. 2000CA00315 (Upholding issuance of civil protection order based upon domestic violence that occurred three to four years before filing of the petition.) While the timing of Murral's petition may be suspect due to the fact that she filed it shortly after Thomson filed a complaint for custody of Jazmin, the record contains some competent, credible evidence that Thomson committed an act of domestic violence against Murral to support the trial court's issuance of the civil protection order.
 {¶ 11} The trial court also based the issuance of the civil protection order upon Thomson's threats to cause Murral physical harm. Murral testified that Thomson threatened Jazmin with physical harm on several occasions by calling her home, and demanding that she come pick Jazmin up from his home, or he would "go off on" Jazmin. Murral further testified that Thomson threatened her by telling her to watch her back, that she would get what was coming to her, and that he was going to do whatever it took to get custody of his daughter. Murral also testified that Thomson repeatedly called her at her place of employment, and came to her place of employment when he was not invited, although she admitted that only two of his visits were uninvited.
 {¶ 12} Thomson argues that Murral offered no testimony or other proof that the threats or other behavior placed her in fear of eminent serious physical harm. We agree. While Murral testified regarding various threats made by Thomson, she did not testify that the threats placed her in fear of imminent serious physical harm as required by R.C. 3113.31(A)(1). Murral testified that she was afraid for her daughter's safety,[2] and afraid that Thomson's calls and visits to her place of employment would cause her to lose her job, but she did not testify that his threats placed her in fear of imminent serious physical harm. Therefore, the record contained no competent, credible evidence to support the trial court's implicit conclusion that Thomson's threats placed Murral in fear of imminent serious physical harm. Hence, the trial court erred in granting the civil protection order based upon Thomson's threats. However, because we have already found that the trial court properly issued the civil protection order based upon the September 2001 incident of domestic violence, this error is harmless.
 {¶ 13} We will not reverse a correct judgment merely because the trial court has assigned erroneous reasons as a basis thereof. State ex re. Carter v. Schotten (1994),70 Ohio St.3d 89, 92. Having found valid grounds to support the trial court's issuance of the civil protection order, we must affirm the finding of domestic violence. See Joyce v. General Motors Corp.
(1990), 49 Ohio St.3d 93, 96. Accordingly, we overrule Thomson's first assignment of error and affirm the judgment of the trial court issuing the civil protection order.
 III. {¶ 14} In his second assignment of error, Thomson argues that the trial court erred in ordering child support without considering all of the factors required pursuant to R.C. Chapter 3113. Thomson argues that, pursuant to R.C. 3113.31(K)(1), the court must comply with Chapters 3119, 3121, 3123, and 3125 of the Revised Code when it makes or modifies an order for child support. Specifically, Thomson argues that the trial court failed to base its award of child support upon the basic child support schedule, the applicable worksheet, and other provisions of R.C.3119.02 to 3119.24 as mandated by R.C. 3119.02.
 {¶ 15} Murral argues that Thomson's second assignment of error is moot because the Hocking County Juvenile Court has since issued a child support order that supercedes the child support order contained in the civil protection order. Murral claims that after the trial court issued the civil protection order, the Hocking County Juvenile Court has ruled upon Thomson's objections to the magistrate's recommendations regarding child support, affirmed the magistrates January 2003 recommendations, and ordered Thomson to pay child support in the amount of $241.45 per month plus a processing charge, effective July 1, 2002.
 {¶ 16} To prove her point, Murral attempted to add to the record on appeal by attaching unauthenticated copies of a September 10, 2003 entry on objections to recommendations of the magistrate and a January 31, 2003 juvenile magistrate's decision to her brief. We find that this evidence was not before the trial court, and, therefore, we may not properly consider it. State v.Ishmail (1978), 54 Ohio St.2d 402. Additionally, we note that if we do not address Thomson's second assignment of error, there exists a possibility that he could be held liable for two separate child support orders for the same child from March 12, 2003 until September 10, 2003. Accordingly, we find that Thomson's second assignment of error is not moot and address it on its merits below.
 {¶ 17} The Ohio Supreme Court has found that R.C. 3113.215
mandates that a trial court complete a child support computation worksheet. Marker v. Grimm, (1992), 65 Ohio St.3d 139, 141-42. Although the legislature has repealed R.C. 3113.215, it has enacted R.C. 3119.02, which includes the identical language as the former statute, regarding the trial court's responsibility to calculate the amount of child support in accordance with the child support schedule and applicable worksheet. Where completion of a worksheet is required, the trial court must include the worksheet in the record. Marker at 142. Here, on the authority of R.C. 3119.02 and Marker, the trial court was required to complete a child support worksheet. However, the record does not contain a completed child support calculation worksheet. Accordingly, we sustain Thomson's second assignment of error.
 IV. {¶ 18} In conclusion, because the record contains some competent, credible evidence that Thomson committed domestic violence against Murral by recklessly causing her bodily harm, we overrule Thomson's first assignment of error and affirm the trial court's issuance of a civil protection order. Because we find that the trial court failed to include a completed child support worksheet in the record as required by R.C. 3119.02 and the Ohio Supreme Court's decision in Marker v. Grimm, we sustain Thomson's second assignment of error, reverse the judgment of the trial court with regard to the child support order, and remand this cause for further proceedings consistent with this decision.
Judgment Affirmed in part, Reversed in part, and Remanded.
Abele, J. and Harsha, J., concur in Judgment and Opinion.
[1] The spelling "Jasmine" also appears in the record.
[2] We note, however, that Murral continued to allow Thomson to exercise visitation with Jazmin for several months after Thomson's alleged threats against Jazmin, did not request that the court include Jazmin in the civil protection order during the course of the hearing, and agreed to include the trial court's standard visitation order as part of the civil protection order.