DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kimberly Walton, appeals from the judgment of the Summit County Court of Common Pleas. We reverse.
 I. {¶ 2} This matter arises out of Appellant, Kimberly Walton's refiled negligence action concerning an automobile accident that occurred in 2003. Walton initially filed her action in 2005 against Appellees Jeremiah Higginbottom ("J.H."), Ronald Higginbottom ("R.H.") and RR BIC Used Auto Sales ("RR"). J.H. was the driver of the vehicle. R.H., J.H.'s father, and RR were named in the *Page 2 
suit because Walton believed that the vehicle was owned by them. Walton voluntarily dismissed her action on February 14, 2006. She refiled the action on February 15, 2007, naming the same three defendants. R.H. and RR filed an answer and motion to dismiss, asserting that Walton's action was barred by the statute of limitations. J.H. did not file an answer or otherwise respond to the refiled action. The trial court granted the motion and dismissed the entire action as untimely filed. Walton timely appealed the trial court's order, raising one assignment of error for our review. No appellee brief has been filed.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY DISMISSING A PARTY WHO NEITHER ANSWERED THE COMPLAINT NOR MOVED FOR DISMISSAL."
 {¶ 3} In her sole assignment of error, Walton asserts that the trial court erred by dismissing a party who neither answered the complaint nor moved for dismissal. We agree.
 {¶ 4} Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense." "As an affirmative defense `other [than] those listed at Civ.R. 12(B),' the statute of limitations defense is waived if not raised in the pleadings or by an amendment to the pleadings."Dawson v. Astrocosmos Metallurgical, Inc., 9th Dist. No. 02CA0025, *Page 3 
2002-Ohio-6998, at ¶ 11, quoting Jim's Steak House, Inc. v.Cleveland (1998), 81 Ohio St.3d 18, 20.
 {¶ 5} In State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70, 75, the Supreme Court held that "the expiration of the statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, but it is not a jurisdictional defect." It concluded that, as a consequence, the expiration of the limitations period merely acted as a bar to recovery; it did not deprive the trial court of jurisdiction. Id. Consequently, if a party fails to plead statute of limitations as an affirmative defense, a court with subject matter jurisdiction may proceed with the case.
 {¶ 6} The record reflects that J.H. failed to answer Walton's complaint, and thus did not assert statute of limitations as an affirmative defense. Consequently, J.H. has waived this defense. The trial court cannot sua sponte raise an affirmative defense on behalf of a defendant who fails to do so. Thrower v. Olowo, 8th Dist. No. 81873, 2003-Ohio-2049, at ¶ 24. Consequently, we find that the trial court erred in dismissing the action as to J.H. Walton's sole assignment of error is sustained.
 III. {¶ 7} Walton's assignment of error is well taken, and the judgment of the
Summit County Court of Common Pleas is reversed.
 Judgment reversed, and cause remanded. *Page 4 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
CARLA MOORE FOR THE COURT
 CARR, P. J. DICKINSON, J. CONCUR *Page 1