DECISION AND JUDGMENT ENTRY
{¶ 1} Jennifer Welch appeals the judgment of the Scioto County Court of Common Pleas, Domestic Relations Division, denying: (1) her motion to cite Ronnie Staggs with contempt; and (2) her amended petition for a domestic violence civil protection order. On appeal, Welch contends that the trial court erred when it sua sponte applied the doctrine of laches. Because Skaggs never affirmatively pled laches as a defense, and because there was no understanding between the parties that any evidence presented during the hearing was offered to prove the defense of laches, we agree. Welch next contends that the trial court abused its discretion by denying and dismissing her petition for a domestic violence civil protection order. Because the court could have concluded that Welch was not in fear of imminent physical harm to herself or her child, we *Page 2 
disagree. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court. We remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} Welch and Skaggs lived together, but they never married. Welch gave birth to their child in October 1996. Sometime thereafter, the couple broke up, and Skaggs moved out of Welch's home.
 {¶ 3} In December 1997, Skaggs filed an action seeking to determine parentage of the child and to establish custody, support, and visitation with the child. The court named Skaggs as the father, awarded custody of the child to Welch, and ordered Skaggs to pay $50 per month in child support, effective December 1, 1997. The court reviewed the child support order the following year and ordered Skaggs to pay $281.75 per month, effective July 30, 1998.
 {¶ 4} Skaggs and Welch reconciled in September 1998. They lived together in Welch's parents' home until 2002.
 {¶ 5} In April 2002, Welch filed a petition for a domestic violence civil protection order ("CPO"). The court issued an ex parte order directing Staggs to stay 100 feet away from Welch and their minor son. The court, following a hearing on the petition and the ex parte order, found the allegations in the petition true, and ordered Staggs for the next five years to stay at least 100 feet away from Welch and their son. The order also suspended Skaggs' visitation rights with his son. *Page 3 
 {¶ 6} On January 8, 2007, Welch moved the court for an order extending the CPO for an additional five years, asserting that she remained fearful for her and her child's safety. Welch first filed the formal petition seeking renewal of the CPO on January 31, 2007, and later filed an amended petition. Welch also filed a motion to cite Skaggs in contempt of court for failure to pay child support.
 {¶ 7} At the November 2007 hearing, Skaggs argued that the CPO should expire on its own terms without renewal. Skaggs further asserted that the court should allow him supervised visitation with his son. With regard to the motion for contempt for failure to pay child support, Skaggs asserted that the court could not hold him in contempt for failure to pay child support because any order to pay such support was administratively terminated in 1998 when the parties reconciled and began living together. Skaggs further argued that he, as well as Welch, acted under the assumption that no support order existed since its administrative termination.
 {¶ 8} After the hearing, the court denied Welch's motion to cite Skaggs for contempt and her amended petitions to renew the CPO. As a result, the court terminated and dismissed the CPO. The court further modified the child custody order and granted a money judgment in favor of Welch in the amount of $3,475 for back child support through November 30, 2007. The court further found that "other back child support is barred by the doctrine of laches."
 {¶ 9} Welch now appeals the judgment of the trial court and asserts the following two assignments of error: (1) "The trial court erred as a matter of law by sua sponte applying the Doctrine of Laches in determining that the defendant-appellee was not in *Page 4 
contempt for the non-payment of child support and thus preventing the plaintiff-appellant from pursuing arrearage"; and (2) "The trial court abused its discretion in refusing to grant the Amended Petitions for Domestic Violence Civil Protection Order."
 II. {¶ 10} Welch contends in her first assignment of error that the trial court erred when it sua sponte applied the doctrine of laches. Welch asserts that Staggs never plead the doctrine of laches or otherwise raised it in the trial court. We undertake a de novo review to answer this legal question. See, e.g., Yazdani-Isfehani v.Yazdani-Isfehani, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.
 {¶ 11} "`[I]n nonelection cases, laches is an affirmative defense which must be raised or else it is waived.'" State ex rel. Ohio Dept. ofMental Health v. Nadel, 98 Ohio St.3d 405, 2003-Ohio-1632, ¶ 15, quotingState ex rel. Spencer v. E. Liverpool Planning Comm. (1997),80 Ohio St.3d 297, 299. The four "`elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.'" State ex rel. Craig v. SciotoCty. Bd. of Elections, 117 Ohio St.3d 158, 2008-Ohio-706, ¶ 11, quotingState ex rel. Polo v. Cuyahoga Cty. Bd. of Elections (1995),74 Ohio St.3d 143, 145.
 {¶ 12} "[A] trial court cannot sua sponte raise an affirmative defense on behalf of a defendant who fails to do so." O'Brien v. OlmstedFalls, Cuyahoga App. Nos. 89966, 90336, 2008-Ohio-2658, ¶ 14, citingThrower v. Olowo, Cuyahoga App. No. 81873, 2003-Ohio-2049; see, also,Walton v. Higginbottom, Summit App. No. 23802, 2007-Ohio-7056, ¶ 6; *Page 5 Molique v. Allen, Montgomery App. No. 19897, 2004-Ohio-460. However, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Civ. R. 15(B).
 {¶ 13} The Supreme Court of Ohio held in State ex rel. Evans v.Bainbridge Twp. Trustees (1983), 5 Ohio St.3d 41, that under Civ. R. 15(B) "implied consent is not established merely because evidence bearing directly on an unpleaded issue is introduced without objection; it must appear that the parties understood the evidence was aimed at the unpleaded issue." Id. at paragraph two of syllabus. In addition, an issue may not be tried by implied consent where it results in substantial prejudice to a party. Id. at 45. "Various factors to be considered in determining whether the parties impliedly consented to litigate an issue include: whether they recognized that an unpleaded issue entered the case * * *; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be retried on a different theory * * *; and whether the witnesses were subjected to extensive cross examination on the issue * * *." Id. at 45-46. (Internal citations omitted.)
 {¶ 14} Here, we have a non-election case. As a result, Staggs had to plead the affirmative defense of laches or the defense was waived. He failed to plead it. Further, the parties did not try this issue by express or implied consent. Skaggs did elicit testimony from the Scioto County Child Support Enforcement Agency showing that Welch never sought enforcement of any child support order from 1998 until the *Page 6 
institution of this matter in 2007. However, such brief and minimal testimony does not evidence an understanding between the parties that such testimony was aimed toward a laches defense. Instead, a review of the record shows that such evidence was elicited to support Skaggs' contention that the parties acted under the common assumption that there was no pending child support order following their reconciliation in 1998.
 {¶ 15} Because Skaggs never affirmatively plead laches as a defense, and because we fail to glean from the record any understanding between the parties that any evidence presented during the hearing was intended to prove the defense of laches, we conclude that the court erred in raising the defense sua sponte. Accordingly, we sustain Welch's first assignment of error and remand this cause to the trial court for further proceedings consistent with this opinion.
 III. {¶ 16} Welch contends in her second assignment of error that the trial court erred when it refused to renew the 2002 civil protection order. The crux of her argument is that the evidence supported a renewal.
 {¶ 17} The decision of whether to grant or deny a renewal of a civil protection order under R.C. 3113.31(E)(3)(c) is within the sound discretion of the trial court. Woolum v. Woolum (1999),131 Ohio App.3d 818, 824. Thus, we will not reverse a trial court's determination on this issue absent an abuse of discretion. Id. An abuse of discretion involves more than an error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore *Page 7 
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138. An appellate court must be guided by the "presumption that the findings of the trial court are correct" because the trial court is in the best position to view the witnesses and weigh the credibility of the testimony. Id.
 {¶ 18} A person seeking a civil protection order must prove domestic violence or threat of domestic violence by a preponderance of the evidence. Felton v. Felton (1997), 79 Ohio St.3d 34, 42. R.C. 3113.31(A)(1) defines "domestic violence" as" * * * the occurrence of one or more of the following acts against a family or household member: "(a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or2911.211 of the Revised Code; (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code."
 {¶ 19} Here, Welch contends that she presented ample evidence showing that she was in fear for her life and the life of her son as the result of Skaggs' actions. Welch testified that since the original CPO became effective in April 2002, Skaggs has repeatedly drove by her home honking, yelling, making obscene gestures, and throwing items out of the vehicle as he drove past. Welch also testified about an incident in which Skaggs shot a gun up a hill at Welch's aunt's home. There was some indication that the shooting took place in July 2002, though none of the witnesses could specifically testify as to when this event actually occurred. Welch also testified about an *Page 8 
incident where Skaggs menacingly followed her and their son home from a birthday party in West Virginia. This event occurred prior to June 11, 2002.
 {¶ 20} "[W]hether an occurrence of domestic violence is recent enough to warrant a civil protection order is a matter committed to the sound discretion of the trial court." Henry v. Henry, Ross App. No. 04CA2781,2005-Ohio-67, ¶ 18, citing Murral v. Thompson, Hocking App. No. 03CA8,2004-Ohio-432. Thus, the weight to be according to past incidents of domestic violence "is a matter within the court's discretion." Id.
 {¶ 21} Here, from reviewing the record, the court accorded no weight to any incident occurring in or before 2002. Since that time, Welch has failed to report any alleged incidents of domestic violence or alleged violations of the 2002 CPO to law enforcement or the court. Welch explained that she never reports these incidents because, in the past, law enforcement failed to respond to her calls. The court, however, was free to find such testimony not credible or that Welch's failure to report these allegedly numerous incidents evidenced a lack of fear of imminent physical harm. Such is the court's province.
 {¶ 22} As a result, we find that the trial court did not abuse its discretion in denying a renewal of the 2002 CPO. Accordingly, we overrule Welch's second assignment of error.
JUDGMENT AFFIRMED, IN PART, REVERSED, IN PART, AND CAUSEREMANDED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, IN PART, AND REVERSED, IN PART, and this matter BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellants and Appellees shall equally pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1